UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA SUAREZ,

                Plaintiff,

        v.

SOUTHERN GLAZER'S WINE AND SPIRITS OF NEW YORK, LLC,

                Defendant.

Case No. 2:19-cv-07271-GRB-SIL

## ANSWER

Defendant Southern Glazer's Wine and Spirits of New York, LLC ("SGWS") answers Plaintiff Maria Suarez's Complaint as follows:

### NATURE OF CLAIMS

1.     Paragraph 1 of the Complaint is a statement regarding the nature of the case and Plaintiff's retaliation claims under the Equal Pay Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 1 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

2.     SGWS denies the allegations in Paragraph 2 of the Complaint.

3.     Paragraph 3 of the Complaint is a statement regarding the nature of the case and Plaintiff's overtime claim under the New York Labor Law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 3 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

1

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 require a legal conclusion and therefore no response is required.

5.      The allegations in Paragraph 5 require a legal conclusion and therefore no response is required.

6.      The allegations in Paragraph 6 require a legal conclusion and therefore no response is required.

7.      The allegations in Paragraph 7 require a legal conclusion and therefore no response is required.

8.      The allegations in Paragraph 8 require a legal conclusion and therefore no response is required.

9.      The allegations in Paragraph 9 require a legal conclusion and therefore no response is required.

## PARTIES

### *Plaintiff*

10.      SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 10 of the Complaint.

11.      SGWS admits the allegations in Paragraph 11 of the Complaint.

12.      SGWS denies the allegations in Paragraph 12 of the Complaint except to admit that SGWS employed Suarez from December 2004 until April 6, 2018, and SGWS was formerly known as Southern Wine & Spirits of New York, Inc.

*Defendant*

13.     SGWS admits the allegations in Paragraph 13 of the Complaint.

14.     SGWS admits the allegations in Paragraph 14 of the Complaint.

15.     SGWS denies the allegations in Paragraph 15 of the Complaint except to admit that it maintains a distribution center in Syosset, New York.

16.     The allegations in Paragraph 16 require a legal conclusion and therefore no response is required.

17.     The allegations in Paragraph 17 require a legal conclusion and therefore no response is required.

18.     The allegations in Paragraph 18 require a legal conclusion and therefore no response is required.

19.     The allegations in Paragraph 19 require a legal conclusion and therefore no response is required.

20.     The allegations in Paragraph 20 require a legal conclusion and therefore no response is required.

21.     The allegations in Paragraph 21 require a legal conclusion and therefore no response is required.

22.     The allegations in Paragraph 22 require a legal conclusion and therefore no response is required.

**FACTS**

23.     SGWS admits the allegations in Paragraph 23 of the Complaint.

24.     SGWS admits the allegations in Paragraph 24 of the Complaint.

25.     SGWS denies the allegations in Paragraph 25 of the Complaint except to admit that Wine, Liquor & Distillery Workers' Union Local 1-D entered into a collective bargaining agreement with Southern Wine & Spirits of New York, Inc., effective March 1, 2006 to October 31, 2008, and that the agreement speaks for itself.

26.     SGWS denies the allegations in Paragraph 26 of the Complaint except to admit that the females hired from in or around 2004 to in or around 2017 were hired into positions classified as "clerical" under the applicable collective bargaining agreement.

27.     SGWS denies the allegations in Paragraph 27 of the Complaint except to admit that the females hired from in or around 2004 to in or around 2017 were hired into positions classified as "clerical" under the applicable collective bargaining agreement.

28.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 28 of the Complaint.

29.     SGWS denies the allegations in Paragraph 29 of the Complaint except to admit that while in the position of Inventory Supervisor/Inventory Control Manager Suarez supervised Inventory Control Clerks.

30.     SGWS denies the allegations in Paragraph 30 of the Complaint except to admit that as of February 16, 2009, the Inventory Control Department consisted of Suarez (female), three Inventory Control Clerks, Tatiana Herdocia, Ena Scott, and Maria M. Josianne Sajous (all female), and at least one temporary employee, Justin Vegh (male), and that Justin Vegh was hired on February 17, 2009, as an Inventory Control Clerk.

31.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 31 of the Complaint.

4

32.     SGWS denies the allegations in Paragraph 32 of the Complaint.

33.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 33 of the Complaint.

34.     SGWS denies the allegations in Paragraph 34 of the Complaint except to admit that SGWS hired Justin Vegh as an Inventory Control Clerk on February 17, 2009.

35.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 35 of the Complaint.

36.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 36 of the Complaint.

37.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 37 of the Complaint.

38.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 38 of the Complaint.

39.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 39 of the Complaint.

40.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 40 of the Complaint.

41.     SGWS denies the allegations in Paragraph 41 of the Complaint except to admit that Tatiana Herdocia and Ena Scott filed a complaint against Southern Wine & Spirits of America, Inc. and Wine, Liquor & Distillery Workers Union, Local 1D, on May 22, 2014, in the United States District Court for the Eastern District of New York; that Tatiana Herdocia and Ena Scott filed a complaint against Southern Glazer's Wine & Spirits f/k/a Southern Wine & Spirits of

America, Inc. and Wine, Liquor & Distillery Workers Union, Local 1D, on September 20, 2018, in the United States District Court for the Eastern District of New York; and that Maria M. Josianne Sajous, on behalf of herself and others similarly situated, filed a complaint against Southern Wine & Spirits of New York, Inc. and Wine, Liquor & Distillery Workers Local 1-D, on June 4, 2015, in the United States District Court for the Eastern District of New York.

42.    SGWS denies the allegations in Paragraph 42 of the Complaint.

43.    SGWS denies the allegations in Paragraph 43 of the Complaint except to admit that Suarez received performance reviews dated April 15, 2010, and April 1, 2011, and that those performance reviews speak for themselves.

44.    SGWS denies the allegations in Paragraph 44 of the Complaint except to admit that Suarez received a performance review dated March 1, 2012, and that this performance review speaks for itself.

45.    SGWS denies the allegations in Paragraph 45 of the Complaint except to admit that Suarez received a performance review dated February 1, 2013, and that this performance review speaks for itself.

46.    SGWS denies the allegations in Paragraph 46 of the Complaint, including subparagraphs (a) through (c), except to admit that Suarez received a performance review dated February 1, 2014, and that this performance review speaks for itself.

47.    SGWS denies the allegations in Paragraph 47 of the Complaint except to admit that Tatiana Herdocia and Ena Scott filed a complaint against Southern Wine & Spirits of America, Inc. and Wine, Liquor & Distillery Workers Union, Local 1D, on May 22, 2014, in the United States District Court for the Eastern District of New York.

6

48.     SGWS denies the allegations in Paragraph 48 of the Complaint except to admit that Tatiana Herdocia and Ena Scott filed a complaint against Southern Wine & Spirits of America, Inc. and Wine, Liquor & Distillery Workers Union, Local 1D, on May 22, 2014, in the United States District Court for the Eastern District of New York and that the complaint speaks for itself.

49.     SGWS denies the allegations in Paragraph 49 of the Complaint except to admit that Maria M. Josianne Sajous, on behalf of herself and others similarly situated, filed a complaint against Southern Wine & Spirits of New York, Inc. and Wine, Liquor & Distillery Workers Local 1-D, on June 4, 2015, in the United States District Court for the Eastern District of New York.

50.     SGWS denies the allegations in Paragraph 50 of the Complaint except to admit that Maria M. Josianne Sajous, on behalf of herself and others similarly situated, filed a complaint against Southern Wine & Spirits of New York, Inc. and Wine, Liquor & Distillery Workers Local 1-D, on June 4, 2015, in the United States District Court for the Eastern District of New York and that the complaint speaks for itself.

51.     SGWS denies the allegations in Paragraph 51 of the Complaint.

52.     SGWS denies the allegations in Paragraph 52 of the Complaint except to admit that Suarez received performance reviews dated April 15, 2010; April 1, 2011; March 1, 2012; February 1, 2013; and February 1, 2014.

53.     SGWS denies the allegations in Paragraph 53 of the Complaint except to admit that Suarez received a performance review dated February 1, 2014.

54.     SGWS denies the allegations in Paragraph 54 of the Complaint.

55.     SGWS denies the allegations in Paragraph 55 of the Complaint.

56.     SGWS denies the allegations in Paragraph 56 of the Complaint except to admit that on May 4, 2016, SGWS offered Suarez a position as WMI Administrator.

57.     SGWS denies the allegations in Paragraph 57 of the Complaint except to admit that Suarez was told she would continue to manage her team and perform similar duties.

58.     SGWS denies the allegations in Paragraph 58 of the Complaint except to admit that Randall told Plaintiff that her annual salary as WMI Administrator would be $75,000.00.

59.     SGWS admits the allegations in Paragraph 59 of the Complaint.

60.     SGWS denies the allegations in Paragraph 60 of the Complaint.

61.     SGWS denies the allegations in Paragraph 61 of the Complaint except to admit that in March 2016 Suarez applied for the WMI Administrator position, which she was offered on May 4, 2016, and began on May 9, 2016.

62.     SGWS denies the allegations in Paragraph 62 of the Complaint except to admit that SGWS issued Suarez an offer letter for the WMI Administrator position on May 4, 2016, and that the offer letter speaks for itself.

63.     SGWS denies the allegations in Paragraph 63 of the Complaint except to admit that Durant applied for the WMI Inventory Control Manager position, which she was offered on May 4, 2016, and began on May 23, 2016.

64.     SGWS denies the allegations in Paragraph 64 of the Complaint except to admit that Durant's annual salary increased to $80,000.00 on May 23, 2016, and then increased to $85,000.000 on November 28, 2016.

65.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 65 of the Complaint.

8

66.     SGWS denies the allegations in Paragraph 66 of the Complaint.

67.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 67 of the Complaint.

68.     SGWS denies the allegations in Paragraph 68 of the Complaint except to admit that John Wilkinson issued Suarez written documentation of her performance deficiencies on September 2, 2016, in a memo entitled "WMI Administrator Performance Expectations" and that the memo speaks for itself.

69.     SGWS admits the allegations in Paragraph 69 of the Complaint.

70.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 70 of the Complaint.

71.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 71 of the Complaint.

72.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 72 of the Complaint.

73.     SGWS denies the allegations in Paragraph 73 of the Complaint, including subparagraphs (a) to (e), except to admit that there is a transcript of Suarez's October 7, 2016 deposition and that the deposition transcript speaks for itself.

74.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 74 of the Complaint in light of John Wilkinson's unfortunate passing except to admit that John Wilkinson relocated Suarez to an office on the warehouse floor.

75.     SGWS denies the allegations in Paragraph 75 of the Complaint.

76.     SGWS denies the allegations in Paragraph 76 of the Complaint except to admit that John Wilkinson issued Suarez a Record of Disciplinary Action – Verbal Warning on November 4, 2016, for refusing to work a weekend shift.

77.     SGWS denies the allegations in Paragraph 77 of the Complaint except to admit that John Wilkinson issued Suarez a Record of Disciplinary Action – Verbal Warning on November 4, 2016, for refusing to work a weekend shift.

78.     SGWS denies the allegations in Paragraph 78 of the Complaint except to admit that John Wilkinson issued Suarez a Record of Disciplinary Action – Verbal Warning on November 4, 2016, for refusing to work a weekend shift.

79.     SGWS denies the allegations in Paragraph 79 of the Complaint.

80.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 80 of the Complaint in light of John Wilkinson's unfortunate passing except to admit that John Wilkinson prepared a performance improvement plan for Suarez and issued her written documentation of her performance improvement plan on January 11, 2017, in a memo entitled "Performance Improvement Plan."

81.     SGWS denies the allegations in Paragraph 81 of the Complaint except to admit that John Wilkinson issued Suarez written documentation of her performance improvement plan on January 11, 2017, in a memo entitled "Performance Improvement Plan" and that the memo speaks for itself.

82.     SGWS denies the allegations in Paragraph 82 of the Complaint.

83.     SGWS denies the allegations in Paragraph 83 of the Complaint.

84.     SGWS does not have knowledge or information sufficient to form a response to the allegations in Paragraph 84 of the Complaint in light of John Wilkinson's unfortunate passing except to admit that SGWS requires management employees at its Syosset, New York distribution center to work at least one weekend shift per month or as needed during busy season.

85.     SGWS denies the allegations in Paragraph 85 of the Complaint.

86.     SGWS denies the allegations in Paragraph 86 of the Complaint.

87.     SGWS denies the allegations in Paragraph 87 of the Complaint except to admit that Suarez received a performance review for the calendar year 2016, and that this performance review speaks for itself.

88.     SGWS denies the allegations in Paragraph 88 of the Complaint except to admit that Suarez received a performance review for the calendar year 2017, and that this performance review speaks for itself.

89.     SGWS denies the allegations in Paragraph 89 of the Complaint except to admit that SGWS terminated Plaintiff's employment on April 6, 2018, as part of a statewide layoff program.

**COUNT I**

**Retaliation in Violation of the Equal Pay Act, and the Fair Labor Standards Act,**

**29 U.S.C. § 201, et. seq.**

90.     SGWS repeats and restates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

91.     Paragraph 91 of the Complaint is a statement of the law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 91 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

92.     SGWS denies the allegations set forth in Paragraph 92.

93.     SGWS denies the allegations set forth in Paragraph 93.

## COUNT II

### Retaliation in Violation of N.Y. Lab. Law § 215

94.     SGWS repeats and restates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

95.     Paragraph 95 of the Complaint is a statement of the law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 95 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

96.     SGWS denies the allegations set forth in Paragraph 96.

97.     SGWS denies the allegations set forth in Paragraph 97.

## COUNT III

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

98.     SGWS repeats and restates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

99.     Paragraph 99 of the Complaint is a statement of the law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 99 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

100.    SGWS denies the allegations set forth in Paragraph 100.

101.    SGWS denies the allegations set forth in Paragraph 101.

**COUNT IV**

**Retaliation in Violation of the New York State Human Rights Law,
New York Executive Law § 296**

102.     SGWS repeats and restates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

103.     Paragraph 103 of the Complaint is a statement of the law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 103 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

104.     SGWS denies the allegations set forth in Paragraph 104.

105.     SGWS denies the allegations set forth in Paragraph 105.

**COUNT V**

**Unpaid Overtime under the N.Y. Labor Law and Supporting Regulations**

106.     SGWS repeats and restates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

107.     Paragraph 107 of the Complaint is a statement of the law, which requires neither admission nor denial by SGWS.  To the extent Paragraph 107 of the Complaint alleges that SGWS is liable to Suarez in any way, those allegations are denied.

108.     SGWS admits the allegations in Paragraph 108 of the Complaint.

109.     SGWS admits the allegations in Paragraph 109 of the Complaint.

110.     SGWS denies the allegations set forth in Paragraph 110.

111.     SGWS denies the allegations set forth in Paragraph 111.

## PRAYER FOR RELIEF

The "WHEREFORE" clause of the Complaint, including subparagraphs (A) through (K), sets forth Suarez's prayer for relief to which no response is required.  But to the extent a response is required SGWS denies that Suarez is entitled to any relief.

## JURY DEMAND

No response is required to Suarez's demand for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, SGWS asserts the following affirmative and other defenses.  In asserting these defenses, SGWS is providing notice to Suarez of the defenses it intends to raise.  SGWS does not assume the burden of proof as to issues that as a matter of law are Suarez's burden to prove.

1. Suarez's Complaint in whole or in part fails to state a claim for which relief may be granted or for which damages may be awarded.

2. All of SGWS's decisions with respect to Suarez's employment were made for legitimate, non-discriminatory and non-retaliatory business reasons.

3. Suarez's retaliation claims are barred because she cannot establish a causal link between any employment action and any alleged protected activity.

4. Suarez's retaliation claims are barred because there is no temporal proximity between any alleged protected activity and any adverse employment action.

5. Suarez was not entitled to any overtime compensation because SGWS properly classified her as an exempt employee.

14

6.   Suarez's Complaint in whole or in part fails to state a claim for equitable tolling of the statute of limitations under the New York Labor Law.

7.   Suarez's claims are barred to the extent she seeks to recover damages in excess of the type and amounts allowed or provided by law.

8.   Suarez failed to mitigate her alleged damages.

9.   Suarez is not entitled to punitive damages because she cannot demonstrate malice or reckless indifference and because of SGWS's good-faith efforts to comply with all laws.

10.   Any claim for liability and/or liquidated damages is barred as SGWS was at all times acting in good faith in conformity with and reliance on written administrative regulations, orders, rulings and interpretations of the New York State Department of Labor.

11.   Suarez's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or the after-acquired evidence doctrine.

12.   All or part of Suarez's claims fail to the extent the evidence shows that they are barred by the statute of limitations in the Equal Pay Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law.

13.   All or part of Suarez's claims fail to the extent the evidence shows that do not fall within the scope of her charge with the Equal Employment Opportunity Commission.

SGWS reserves the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

15

WHEREFORE, SGWS requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting SGWS its costs and attorneys' fees; and granting SGWS such other relief as the Court may deem just and proper.

Dated: March 26, 2020

/s/ Anjanette Cabrera
Anjanette Cabrera
Stephen Stecker
Constangy, Brooks, Smith & Prophete, LLP
620 Eighth Avenue, 38th Floor
New York, New York 10018
Phone: (646) 341-6536
acabrera@constangy.com
**ATTORNEYS FOR SGWS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 26, 2020, I filed **ANSWER** with the Clerk of the Court using the

CM/ECF system, which will send notice of the filing to Suarez's attorney:

Steven John Moser
Moser Law Firm, PC
3 School Street, Suite 207B
Glen Cove, New York 11542
516.671.1150
smoser@moseremploymentlaw.com

*/s/ Anjanette Cabrera*_____
Anjanette Cabrera