

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

August 15, 2022

**VIA ECF**

Hon. Lee G Dunst, USMJ
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

      Re:    *Maria Suarez v. Southern Glazer's Wine & Spirits of New York, LLC,* Case No. 19-cv-07271(GRB)(LGD)

Dear Judge Dunst:

I represent the Plaintiff Maria Suarez in the above referenced action. I respectfully request an extension of the deadline to complete depositions to October 14, 2022 and to November 14, 2022 to file dispositive motions. Defendant Southern Glazer's Wine & Spirits of New York, LLC does not consent to this request. Defendant was unable to furnish its position on this application on August 12, 2022. Thus, this request is being filed today.

**Plaintiff's Position.** On May 16, 2022 the Plaintiff served seven deposition notices to take seven depositions between June 27, 2022 and July 1, 2022. Consistent with FRCP 30(b)(2), the notices were accompanied by a request complying with Rule 34 to produce documents and tangible things at the deposition.

At a conference dated May 17, 2022, the Defendant indicated that it would be unable to complete the depositions on the dates noticed and requested an extension. Defendant also indicated that it would be unable to furnish the requested documents by the dates requested. Magistrate Judge Steven I. Locke granted the Defendant's requests and set an order for completion of the paper discovery and depositions as follows:

| | |
|---|---|
| Defendant's Response to Requests for Production | June 17, 2022 |
| Depositions | August 15, 2022 |
| Summary Judgment Motion | September 15, 2022 |

The case was reassigned from Magistrate Judge Locke to Your Honor on June 7, 2022. On June 9, 2022, *although not required by Judge Locke's Order*, the Plaintiff consolidated the document requests into a single document as a courtesy to the Defendant. *The consolidated requests did not change the substance of any of the requests contained in the May 17, 2022 notices.* Defendant responded to the requests for production on July 22, 2022, more than two months after the discovery requests were made and approximately 5 weeks after the dated specified in the May 17 order. Upon review of the responses, Plaintiff furnished a good faith



MOSER LAW FIRM, PC

Page 2

deficiencies letter to Defendant on July 30, 2022 in an effort to resolve discovery disputes. The parties met and conferred on August 4, 2022 and were able to resolve many of the discovery disputes. During that conference the Defendant also requested a revised settlement offer from the Plaintiff. On August 9, 2022, I sent a revised settlement offer to the Defendant. The Defendant did not respond to that offer. I then requested the Defendant's consent to extend the deadline for completion of depositions, and the Defendant declined.

The Defendant did not comply with the May 17, 2022 order requiring Defendant to respond to the requests by June 17, 2022. Instead, it responded on July 22, 2022 (approximately 5 weeks later). Had defendant furnished paper discovery in the time required by the order, we would have been in a position to complete the depositions in a timely manner as well. Instead, the Defendant delayed for approximately 5 weeks. Had the defendant not requested and been granted an adjournment of the depositions, they would have been conducted. . Now, when Plaintiff seeks an extension based upon these delays, Defendant objects.

The case is not ready for trial. The Defendant does not dispute the foregoing. Instead, the Defendant revisits the pre-May 17, 2022 history of this case, and requests that discovery be closed.

Defendant suggests that Plaintiff is "pointing the finger" of blame at the Defendant. Plaintiff is not "pointing the finger" of blame at Defendant for the delays that occurred prior to, or after, May 17, 2022. Plaintiff is simply pointing out that the Defendant delayed the depositions and discovery after May 17, 2022 and now wants to use that delay to prohibit the Plaintiff from taking any depositions at all.

For the foregoing reasons I respectfully request that the deadline for completion of depositions be extended to October 14, 2022 and for dispositive motion practice to be commenced by November 14, 2022.

**Defendant's Position**. Plaintiff's version of events is revisionist history and yet another attempt to delay this case and to mislead the Court. The actual version of events is as follows.[1] On December 30, 2019, Plaintiff filed her complaint. Defendant answered on March 26, 2020. On January 20, 2021, the Court held an initial conference and initiated discovery. On March 29, 2021, Defendant served responses to Plaintiff's RFP along with 2,686 documents. Thereafter, on June 18, 2021, Plaintiff filed a motion to extend the discovery deadline, which the Court granted. Plaintiff filed a second motion to extend the discovery deadline on August 27, 2021, which the Court granted as well.

After prolonged delays from Plaintiff, Defendant was finally able to schedule Plaintiff's deposition, which took place on November 11, 2021. To this point and continuing to May 16, 2022, Plaintiff made *zero* attempt to schedule his own depositions. In fact, Plaintiff's counsel indicated several times that he was withdrawing as counsel for his client.

---

[1] Contrary to Plaintiff's assertion, it is necessary to discuss events prior to May 17, 2022, for context and to demonstrate Plaintiff's delay in seeking discovery in this case.



MOSER LAW FIRM, PC

Page 3

Defendant with the consent of Plaintiff filed a motion for mediation on December 16, 2021, which the Court granted. Defendant proceeded to mediation strictly based on Plaintiff's representation that she wanted in good faith to resolve this case. The parties mediated with Chaim Book on May 10, 2022. Plaintiff increased her demand at the eleventh hour right before mediation and failed to move off that number at mediation. It is therefore Defendant's belief that Plaintiff went to mediation in total bad faith and in an effort to unnecessarily prolong this case. Plaintiff has since provided a revised demand, which Defendant will respond to shortly.

Six days after the mediation, on May 16, 2022, Plaintiff served seven deposition notices. Plaintiff had not served any deposition notices prior to this date. Knowing that the deadline to serve RFPs had long since passed, Plaintiff snuck numerous RFPs into these notices. In total, Plaintiff slid 45 separate RFPs into her deposition notices. Following Defendant's objection, Plaintiff agreed to consolidate the RFPs on June 9, 2022. Defendant already expended significant time responding to the 45 RFPs when Plaintiff sent the Consolidated RFPs.

Without meeting and conferring with Defendant whatsoever, Plaintiff unilaterally picked dates for depositions right before the July 4th holiday, on June 27, 28, 29, 30, and 2022, and July 1, 2022, with some depositions stacked on the same day. Defendant notified Plaintiff that it was not available those dates and that it was objecting to two of the requested depositions and to provide dates where he was able to meet and confer regarding these issues; Plaintiff never responded. There was only radio silence.

The Court held a status conference on May 17, 2022, where it ordered Defendant to respond to the RFPs by June 17, 2022; depositions to be completed by September 15, 2022; and summary judgment motion practice to commence on September 15, 2022. As noted above, Plaintiff served her consolidated RFPs on June 9, 2022, and thus eight days prior to the deadline for responding. On July 22, 2022, with the consent of Plaintiff, Defendant served its responses to the Consolidated RFPs along with 45 documents. To be clear, Defendant consented to service of the responses on July 22, 2022.

On the afternoon of Saturday, July 30, 2022, Plaintiff sent three emails alleging deficiencies with Defendant's responses to Plaintiff's Consolidated RFPs—notwithstanding the fact that the requests were duplicative of her original RFPs, that discovery had started the beginning of 2021, and that Defendant had already produced 2,732 documents for this simple single-plaintiff retaliation and overtime case. The parties met and conferred on August 4, 2022, where Plaintiff indicated that most of the alleged deficiencies had been resolved and that the remaining deficiencies would be discussed with his client. To date, Plaintiff has not indicated that there are any outstanding deficiencies with Defendant's discovery responses.

As stated during the August 4, 2022 meet and confer, Defendant objects to further extension of the deposition deadline or any other discovery. Discovery has been going on since January 20, 2021, with Plaintiff making no effort to conduct and schedule depositions. Following the deposition notices that were issued on May 16, 2022, Defendant contacted Plaintiff multiple



MOSER LAW FIRM, PC

Page 4

times to discuss those depositions but Defendant never responded. Again only radio silence. To date, Plaintiff has not provided any proposed dates for her requested depositions.

      Plaintiff points the finger at Defendant concerning the delay of the depositions. Plaintiff claims, incredibly, that she would have taken the depositions had Defendant responded to the Consolidated RFPs sooner. But Defendant served its responses to the Consolidated RFPs on July 22, 2022, and thus Plaintiff had from July 22, 2022, to August 15, 2022, to schedule depositions. But she never did. There were only tumbleweeds from Plaintiff. Indeed, Plaintiff has not and cannot submit any piece of evidence showing any effort by her to schedule her depositions. Moreover, Plaintiff did not need responses to the Consolidated RFPs in order to begin depositions: the requests were duplicative of prior requests and Defendant had already produced over 2,600 documents (including documents from an extensive and costly ESI search). Put simply, Plaintiff is using the Consolidated RFP responses as a pretext for his continual and repetitive delays in this case and continuing acts of bad faith.

      For these reasons, Defendant strenuously objects to any further extension of the deposition deadline. Defendant has had 20 months to take depositions and so cannot place the blame on Defendant for his lackadaisical effort in getting depositions on the calendar. Plaintiff has the burden to conduct her discovery and her depositions and is not taking responsibility for her inaction.

      Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF