

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 10, 2022

**VIA ECF**

Hon. Lee G Dunst, USMJ
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

      Re:    *Maria Suarez v. Southern Glazer's Wine & Spirits of New York, LLC,* Case No. 19-cv-07271(GRB)(LGD)

Dear Judge Dunst:

Please accept this joint status report.

## A. CASE SUMMARY

**Plaintiff's Position.** Southern Glazer Wine and Spirits is the largest liquor and wine distributor in the United States. Maria Suarez worked at Southern's facility in Syosset, New York. From 2007 until 2016 she was responsible for inventory at the Syosset 364,000 square foot warehouse. However, Maria believed that three female employees who reported to her were classified differently by Southern based on sex and pushed for them to be reclassified as "warehouse" employees (a work classification which still today remains 100% male). The three female inventory control clerks later filed federal lawsuits in the Eastern District of New York accusing Southern of classifying employees based on sex, and claiming violations of the federal and state equal pay act. *See Herdocia v. Southern Wine & Spirits of America, Inc.*, 14-cv-03196(JMA)(ARL) and *Sajous v. Southern Wine & Spirits of New York, Inc.,* 15-cv-03270(JS)(ARL).

This lawsuit alleges that Southern retaliated against Maria for standing up for her female employees, eventually terminating her. The complaint alleges retaliation for activity protected under the Equal Pay Act (Count I), the New York Equal Pay Act (Count II), Title VII (Count III), and The New York State Human Rights Law (Count IV). The lawsuit also alleges unpaid overtime when Southern took away Maria's managerial authority, forced her to work overtime hours, and improperly classified her as exempt from overtime.

**Defendant's Position.** SGWS denies all of Plaintiff's claims. SGWS terminated Plaintiff's employment on April 6, 2018 for legitimate business reasons and as part of a reduction in force in New York. It is SGWS's position that Plaintiff's retaliation and unpaid overtime claims are completely meritless. SGWS further notes that Plaintiff does not bring an



equal pay claim in this action, despite Plaintiff's position at times explained below. Instead, she pleads retaliation in violation of the Equal Pay Act, which is an entirely different cause of action.

## I. DISCOVERY

### A. Current Status of Discovery

**Depositions.** Plaintiff has been deposed. The Defendant identified seven (7) fact witnesses in its initial disclosures. One of these witnesses has been designated to testify on a number of the 30(b)(6) topics. Plaintiff seeks the deposition of one (1) other individual, bringing the total to eight (8).

Out of the eight (8) depositions, three (3) witnesses have been deposed and three (3) have been scheduled. One (1) on October 25, 2022 (Elizabeth Toohig, Director of Human Resources) and two (2) on November 1, 2022 (Roy Kohn, VP of Operations, and Barry Finkelstein, Operations Manager). One of those individuals, Roy Kohn, is the Defendant's designated 30(b)(6) witness.

Defendant has objected to producing two individuals who are former employees of Southern – Dina Wald Margolis and Richard Meyer. Counsel for Defendant represents these individuals.

**Interrogatories and Document Requests.** The parties furnished initial disclosures, and served and responded to first document requests and interrogatories. In addition, on June 9, 2022, the Plaintiff served supplemental Requests for Production of Documents in anticipation of the depositions. The Defendant furnished documents in response some of these requests and asserted objections to others.

### B. Remaining Discovery

**Plaintiff's Position.** The following discovery remains: (a) Depositions of Defendant's Witnesses; (b) Requests for Admissions (to the extent necessary to narrow the legal issues and clarify and simplify the facts); and (c) Disputed discovery (see below).

**Defendant's Position.** SGWS objects to Plaintiff's intention to serve Requests for Admission as written discovery has closed.

### C. Discovery Disputes that will Require Resolution by the Court[1]

The parties have been unable to resolve discovery disputes despite conferring in good faith by telephone on both August 1, 2022 and September 29, 2022. The following disputes will require court intervention:

---

[1] The specific arguments for and against the remaining outstanding discovery are beyond the scope of this status report. Plaintiff is amenable to an informal conference with the court to address these issues in an attempt to avoid motion practice.



MOSER LAW FIRM, PC

**Depositions.** The Defendant has objected to producing two fact witnesses - Dina Wald-Margolis, Southern's Assistant Human Resources Director and Richard ("Rick") Meyer a former Inventory Control Manager from Southern's Upstate New York facility. These witnesses are no longer employed by Southern. Defendant has also objected to and declined to designate an individual to testify regarding the following 30(b)(6) topics:

> 3. The basis for factual statements made by Southern in its position statement to the EEOC in response to Plaintiffs' charge of discrimination.
> 13. The costs, legal fees and expenses incurred by Southern as a result of (1) the charge of discrimination filed by Josie Sajous with the EEOC; [and the federal lawsuits filed by Tatiana Herdocia, Ena Scott and Josie Sajous against Southern].
> 14. The identities of each individual employed by Defendant who had the same job description as the Plaintiff.
> 15. The search for records in response to Plaintiffs' first request for production of documents.
> 16. The authenticity and admissibility of all records produced by Defendant.
> 19. The extent and timing of all communications between the Plaintiff's supervisors or managers, or the Defendant's human resource representatives and the Defendant's in- house legal counsel or legal department concerning the Plaintiff from January 1, 2013 until the Plaintiff's separation from employment, along with the identities of the individuals who participated in these communications.
> 20. The extent and timing of all communications between the Defendant and any attorney or legal counsel concerning the Plaintiff from January 1, 2013 until the Plaintiff's separation from employment, including the identities of the individuals who participated in these communications.
> 21. The factual basis for the Defendant's assertion that the Plaintiff was exempt.

**Responses to Requests for Production of Documents:** Defendant has objected to the following requests for production of documents.

> 11. All documents concerning Richard Meyer's duties as an employee of SGWS for the period from January 1, 2013 through December 31, 2018.
> 16. All job descriptions and documents concerning the duties of Lina Landin as an employee of SGWS for the period from January 1, 2013 through December 31, 2018.
> 25. All documents concerning costs and expenses (including, but not limited to, the legal and investigation costs) incurred by defendant as a result of: (1) the charge of discrimination filed by Josie Sajous with the EEOC; [and the federal lawsuits filed by Tatiana Herdocia, Ena Scott and Josie Sajous against Southern]**.**

**Defendant's Position.** SGWS has objected to the above topics and requests because they (1) are duplicative of other fact witness deposition testimony and documents exchanged in discovery; (2) are not relevant to Plaintiff's claims; and (3) are seeking information protected by the attorney-client privilege, among other reasons.



MOSER LAW FIRM, PC

### III.  HISTORY OF SETTLEMENT NEGOTIATIONS

**Plaintiff's Position.**  The parties have exchanged settlement demands and offers.  The parties participated in mediation with Chaim Book, Esq. an E.D.N.Y. Panel Mediator on May 10, 2022.  The case was not resolved.

**Defendant's Position.**  It is SGWS's belief that Plaintiff went to mediation in bad faith.  Plaintiff increased her demand at the eleventh hour right before mediation and failed to move off that number at mediation.  On August 9, 2022, Plaintiff provided a revised demand.  On August 18, 2022, SGWS made a good faith counteroffer.  On August 25, 2022, Plaintiff advised that she would not be responding to SGWS's counteroffer and would not engage in further negotiations.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:     All counsel of record via ECF