

175 Pearl Street
Suite C402
Brooklyn, NY 11201
Telephone: 646.341.6544
Facsimile: 646.341.6565

acabrera@constangy.com
646.341.6536

November 8, 2022

**VIA ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

      R:      **Maria Suarez v. Southern Glazer's Wine and Spirits of New York, LLC**
             **Case No. 2:19-cv-07271-GRB-SIL**

The Honorable Lee Dunst:

    I am counsel for Defendant Southern Glazer's Wine and Spirits of New York, LLC in this case and write jointly with counsel for Plaintiff Maria Suarez. The parties have been unable to resolve the outstanding discovery disputes despite meeting and conferring in good faith on August 1, September 29, and October 19, 2022.

**Brief Overview of Disputes**

    Plaintiff seeks an order compelling the Defendant to comply with two requests for production of documents, to which Defendant has objected, as follows:

    11. All documents concerning Richard Meyer's duties as an employee of SGWS for the period from January 1, 2013 through December 31, 2018.

    **RESPONSE:** SGWS objects to this Request to the extent it (1) seeks documents that are not relevant to and disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous; and (3) is unduly burdensome as it requires SGWS to search for any documents concerning Richard Meyer's job duties regardless of their relevance to this case.

    25. All documents concerning costs and expenses (including, but not limited to, the legal and investigation costs) incurred by defendant as a result of: (1) the charge of

discrimination filed by Josie Sajous with the EEOC; (2) *Herdocia v. Southern Wine & Spirits of America, Inc.,* 14-cv-03196 (E.D.N.Y.); (3) *Herdocia v. Southern Wine & Spirits of America, Inc.*, 18-cv-05284 (E.D.N.Y.); (4) *Sajous v. Southern Wine & Spirits of New York, Inc.*, 15-cv-03270-JS-ARL (E.D.N.Y.).

**RESPONSE:** SGWS objects to this Request to the extent it (1) seeks documents that are not relevant to and disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous; (3) is unduly burdensome; (4) seeks documents protected by the attorney-client privilege and work-product doctrine; and (5) seeks documents that are publicly available.

Defendant has also indicated that it will object to Requests for Admission served at the conclusion of discovery.

Finally, Defendant seeks a protective order from the deposition notices of two fact witnesses - Dina Wald-Margolis and Richard Meyer. Defendant also seeks a protective order with regard to the following 30(b)(6) topic:

13. The costs, legal fees and expenses incurred by Southern as a result of (1) the charge of discrimination filed by Josie Sajous with the EEOC; (2) *Herdocia v. Southern Wine & Spirits of America, Inc.,* 14-cv-03196 (E.D.N.Y.); (3) *Herdocia v. Southern Wine & Spirits of America, Inc.*, 18-cv-05284 (E.D.N.Y.); (4) *Sajous v. Southern Wine & Spirits of New York, Inc.*, 15-cv-03270-JS-ARL (E.D.N.Y.).

**Defendant's Position**

Defendant intends to seeks a protective order pursuant to F.R.C.P. 26(c) regarding the outstanding 30(b)(6) topic, the depositions of Ms. Wald-Margolis and Mr. Meyer, and Plaintiff's discovery demands regarding Mr. Meyer and Defendant's fees in other matters.[1] At the outset, Defendant wants to point out that Plaintiff has already deposed Melissa Johnson, Kevin Randall, Tonisha Durant, Elizabeth Toohig, and Barry Finkelstein and the parties have scheduled the deposition of Roy Kohn (November 15).[2] Further, Defendant designated Mr. Kohn to be a 30(b)(6) witness on 20 topics. Defendant had initially objected to 11 out of the 21 topics, but the parties were able to resolve those issues by meeting and conferring. Defendant is engaging in discovery in good faith. Defendant's reasons for seeking a protective order are as follows:

*30(b)(6) Topic.* Plaintiff's request is not proportional to the needs of the case and disclosure of such information would harm Defendant. Plaintiff seeks the total amount of money that Defendant spent on each case including any settlement

---

[1] Defendant further points out that Plaintiff did not subpoena Ms. Wald-Margolis or Mr. Meyer – Plaintiff served deposition notices.

[2] The parties initially scheduled Mr. Kohn's deposition for November 1, but adjourned that deposition to November 15 in hopes that they could resolve the outstanding discovery disputes with the Court in advance of Mr. Kohn's deposition.

amounts. Plaintiff appears to be seeking this information to argue that Defendant retaliated against Plaintiff because it expended a certain amount of money to defend those actions. Defendant maintains that no one with decision-making authority regarding Plaintiff's employment had any knowledge of the amount spent on those actions and that information is kept from the business. Further, any settlement in those matters are confidential and Defendant is not agreeable to breaching or waiving confidentiality. It is also worth highlighting that Plaintiff's counsel was the attorney of record on those matters and would be aware of any settlements and any confidentiality provisions contained therein. Accordingly, Defendant objects to this topic on the basis of relevance and because that information is confidential and disclosure of such information is potentially prejudicial to Defendant.

*Mr. Meyer*. Plaintiff purports to take Mr. Meyer's deposition, claiming that he was a comparator to Plaintiff. Defendant has put Plaintiff on notice that Mr. Meyer was not a comparator to Plaintiff – Ms. Johnson was. Plaintiff already took Ms. Johnson's deposition. Mr. Meyer did not have the same job title or functions as Plaintiff and instead would be a comparator to Ms. Durant, whom Plaintiff already deposed. Mr. Meyer retired in 2018 and has no personal knowledge of Plaintiff's claims. Therefore, Mr. Meyer's deposition is not relevant to this action, unduly burdensome, and duplicative of Ms. Johnson and Ms. Durant's depositions.

*Ms. Wald-Margolis*. It is Defendant's position that Ms. Wald-Margolis' deposition is not relevant because she has not been employed with Defendant since 2016 and has no knowledge and/or involvement with Plaintiff's current claims. Contrary to Plaintiff's current position, Plaintiff did not contact Ms. Wald-Margolis to "push for [three female employees] to be reclassified as 'warehouse' employees," but instead Plaintiff merely pointed out how a male was classified at warehouse. This was a clerical error that was changed by Defendant. Further, Ms. Wald-Margolis was not a decisionmaker regarding anything that occurred prior to or after Plaintiff's departure. Moreover, Ms. Wald-Margolis testimony would be duplicative of Ms. Toohig's, who was in fact a decision maker. In fact, Ms. Toohig testified to the foregoing clerical errors and her involvement in same, including making the decision to reclassify the employee, during her deposition and Plaintiff willingly chose not to ask Ms. Toohig questions regarding those facts at her deposition. Accordingly, Ms. Wald-Margolis' deposition is unduly burdensome and not relevant to the facts of this matter. Defendant also maintains that Ms. Wald-Margolis is unavailable as she is on a medical leave of absence from her current employment until at least the end of November.

*Written Discovery*. Defendant objects to Plaintiff's supplemental discovery demands numbers 11 and 25 for the same reasons set forth above.

In light of the foregoing, Defendant can establish good cause for a protective order under F.R.C.P. 26(c) on the following topic, depositions, and discovery demands. Defendant further

maintains that written discovery has closed and Plaintiff's intention to serve Requests for Admission are untimely.

## Plaintiff's Position

**Introduction.** Southern Glazer Wine and Spirits ("SGWS") is the largest liquor and wine distributor in the United States. Maria Suarez worked at the SGWS warehouse in Syosset, New York. From 2007 until 2016 she was responsible for inventory at the 364,000 square foot warehouse. However, Maria believed that three of her female subordinates were classified differently based on sex and pushed for them to be reclassified as "warehouse" employees (a work classification which still today remains 100% male). Dina Wald-Margolis was employed in SGWS' HR Department and was directly involved in the investigation of the claims of discrimination.

The three female inventory control clerks later filed federal lawsuits in the Eastern District of New York accusing Southern of classifying employees based on sex, and claiming violations of the federal and state equal pay act. *See Herdocia v. Southern Wine & Spirits of America, Inc.*, 14-cv-03196(JMA)(ARL) and *Sajous v. Southern Wine & Spirits of New York, Inc.,* 15-cv-03270(JS)(ARL).

This lawsuit alleges that SGWS retaliated against Maria and eventually terminated her for engaging in activity protected under the Equal Pay Act, the New York Equal Pay Act, Title VII, and The New York State Human Rights Law. The lawsuit also alleges unpaid overtime when Southern took away Maria's managerial authority, forced her to work overtime hours, and improperly classified her as exempt from overtime.

**Standard for resisting discovery.** The defendant broadly objects to Plaintiff's document requests as irrelevant and "disproportional", "vague and ambiguous", and "privileged." Such boilerplate objections are insufficient.

Effective December 1, 2015, Rule 34(b)(2)(B) was amended to require that for each item or category of items requested, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. R. 34(b)(2)(B) (emphasis added). The amendment to Rule 34(b)(2)(B) clarifies that general or boilerplate objections are improper. *See, e.g.,* L*eibovitz v. City of N.Y.,* No. 15 Civ. 546 (LGS)(HBP), 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (collecting cases); *see also* Fed. R. Civ. P. 34 advisory comm. note to 2015 amend. ("This provision . . . eliminat[es] any doubt that less specific objections might be suitable under Rule 34."). Therefore,

> [o]nce the requesting party has made a *prima facie* showing of relevance, *In re Weatherford Int'l Sec. Litig.*, 2013 WL 2355451, at *3; *Barbara*, 2013 WL 1952308, at *2, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012). However, "conclusory objections as to relevance, overbreadth, or burden are insufficient

to exclude discovery of requested information." *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003); *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011) (same); *Diaz v. Local 338 of Retail, Wholesale Dep't Store Union, United Food & Commercial Workers*, No. 13-CV-7187, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (same). "A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each [discovery request or] interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . submitting affidavits or offering evidence revealing the nature of the burden.'"*Vidal v. Metro-North Commuter Railroad Co.*, No. 3:12CV248, 2013 WL 1310504, at *1 (D. Conn. March 28, 2013) (alteration in original) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)); *In re Weatherford Int'l Sec. Litig.*, 2013 WL 2355451, at *4; *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Diaz*, 2014 WL 4384712, at *2.

*Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2016 U.S. Dist. LEXIS 121215, at *40-41 (E.D.N.Y. Sept. 7, 2016).

**Standard for issuance of a Protective Order.** "The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010); FRCP 26(c). "To establish good cause under Rule 26(c), courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)(quoting *Havens v. Metropolitan Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995).

**SGWS does not have standing to object to the depositions of Wald-Margolis and Meyer.** SGWS has indicated that Dina Wald-Margolis and Richard Meyer are no longer employed by SGWS, and are therefore non-parties. *See Rubis v. Hartford Fire Ins. Co.*, No. 3:11CV796 (WWE), 2012 U.S. Dist. LEXIS 52982, at *6 (D. Conn. Apr. 16, 2012). SGWS nevertheless challenges the depositions of these individuals on the basis of relevancy and undue burden. However, it is well settled that "[a] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590(LTS), 2013 U.S. Dist. LEXIS 1720, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) (collecting cases).

**Dina Wald-Margolis is a witness with relevant information.** On January 20, 2021, SGWS identified Dina Wald Margolis as an individual likely to have relevant information, "including, for example, the facts and circumstances surrounding [Plaintiff's] job duties, responsibilities and performance, [Plaintiff's] workplace conduct, and SGWS's policies, practices and procedures[.]" *See* Defendant's Initial Disclosures dated January 20, 2021.

On August 29, September 26, and September 27, 2022 counsel for SGWS sent emails to arrange for the deposition of Dina Wald-Margolis. On September 28, 2022, SGWS stated for the

first time that "Dina's involvement is not related to Plaintiff's current claims (she left the company 2016) and that Dina will be out for medical leave, we do not think her deposition is appropriate." On September 29, 2022, Defendant amended its initial disclosures, omitting Dina Wald-Margolis.

SGWS predicts that the testimony of Ms. Wald-Margolis will be "duplicative of" (i.e. corroborate) the testimony of other fact witnesses who have already testified. A party is not entitled to an order protecting a witness from testifying simply because it claims that the witness corroborate the testimony of other witnesses. The testimony is relevant regardless of whether the witness corroborates or contradicts the testimony of other witnesses.

**The testimony of Richard Meyer and documents concerning his duties (Document Request 11) are relevant.** Plaintiff is a former Inventory Control Manager employed by SGWS. After having knowledge of Maria's protected activity, SGWS changed Maria's title from "Inventory Control Manager" to "WMI Administrator" and gave another individual (Tonisha Durant) the title of "WMI Inventory Control Manager." Then SGWS terminated Maria's new position because her new position was "eliminated."

SGWS claims that Maria and Tonisha's titles were changed because SGWS was duplicating the systems and positions which it had previously put into place in another warehouse in upstate New York. Plaintiff challenges this assertion and contends that her reassignment was a "disguised demotion" and that another employee who had not raised claims of discrimination against the company (Tonisha Durant) was given Maria's job.

SGWS concedes that Tonisha Durant's upstate "comparator" was Richard Meyer and Maria Suarez's upstate "comparator" was Melissa Johnson. Plaintiff is entitled to test the Defendant's assertion that Tonisha Durant's job description and Maria's job descriptions were similar to their upstate counterparts. Comparing the job duties of Melissa Johnson to the Plaintiff and of Richard Meyer to Tonisha Durant is therefore relevant to the Defendant's allegedly legitimate, nondiscriminatory reason for the reassignment. For this same reason documents concerning Richard Meyer's job duties (Document Request 11) are also relevant and should be produced.

As with Dina Wald-Margolis, SGWS concedes that Richard Meyer has relevant knowledge, but claims that his testimony will be "duplicative of" (i.e. corroborate) the testimony of other fact witnesses who have already testified. Again, a party is not entitled to an order protecting a witness from testifying simply because the witness may corroborate (or contradict) what other witnesses have said.

**Information concerning the financial harm to SGWS (the 30(b)(6) topic and Document Request 25) is both relevant and non-privileged.** With limited exceptions, **"**[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" FRCP 26(b)(1). SGWS claims that information concerning the financial harm it suffered is irrelevant and privileged.

Defendant first argues that the financial harm caused to SGWS by Maria Suarez's protected activity is not relevant. In other words, a business which is established and conducted for financial gain has no more reason to punish an employee who hurts "the bottom line" than it does to reward an employee who helps "the bottom line." SGWS also claims that it essentially erected a "Chinese wall" so that "no one with decision-making authority regarding Plaintiff's employment had any knowledge of the amount spent on those actions[.]" The actual cost to SGWS of Maria's protected activity and its consequences is relevant, and Plaintiff is entitled to know whether that cost is $2.00 or $20M. Any assertion that the local decision makers did not know goes to the weight of the evidence, not admissibility or relevance.

Under New York Law, "the attorney-client privilege does not categorically bar the disclosure of attorney time records and billing statements." *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 U.S. Dist. LEXIS 67766, at *9 (S.D.N.Y. June 21, 2011). "Of course, to the extent that time records do contain privileged information, they may be redacted." *Id.* Defendant also argues for the first time in this letter that it is not "agreeable" to producing information regarding the settlements of the lawsuits filed by Maria's subordinates because such information is "confidential." Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. any settlement in those matters are confidential and Defendant is not agreeable to breaching or waiving confidentiality. However, the Confidentiality Stipulation filed on May 12, 2021 already provides that SGWS may protect itself by designating "financial information" and "legal records" as "confidential." *See* ECF No. 18, at 1.

**Requests for Admission are both permissible under the federal rules and proper.** Defendant objects to requests for admission as untimely discovery. However, **"**Rule 36 is not a discovery device." *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). "[R]ule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial[.]" *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (W.D.N.Y. 1981). The purpose of requests for admission is to narrow the facts in dispute and streamline the presentation of evidence at trial. *T. Rowe Price Small-Cap Fund*, 174 F.R.D. at 42. The use of requests for admission will only be beneficial in this somewhat complex action alleging unlawful retaliation. Moreover, as Requests for Admission are often served at the conclusion of discovery (*id.*), the Defendant's claim that they are untimely is without merit.

Thank you for Your Honor's consideration of the above requests.

Sincerely,

Anjanette Cabrera

AC/dp