<div style="border:1px solid">**EXHIBIT 13**</div>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
MARIA SUAREZ,

        Plaintiff,

       -against-                             Case No. 19-CV-07271-GRB-SIL

SOUTHERN GLAZER'S WINE and SPIRITS OF
NEW YORK, LLC,

          Defendant.
-------------------------------------------------------------- x

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Southern Glazer's Wine and Spirits of New York, LLC ("SGWS") responds to Plaintiff Maria Suarez's First Set of Interrogatories as follows:

### RESERVATION OF RIGHTS

SGWS responds to these interrogatories subject to the accompanying objections without waiving and expressly preserving all such objections. Any response to interrogatories is made subject to SGWS's right to object to the admission of any and all such responses on the grounds that they are irrelevant to the issues in this case or are otherwise inadmissible. SGWS also submits these responses subject to, without intending to waive, and expressly preserving any objections as to privilege or work product. These responses are based on SGWS's present knowledge, information and belief, and are subject to amendment and supplementation as SGWS acquires additional information or documents and completes its discovery of the facts underlying this case.

### GENERAL OBJECTIONS

1.     SGWS objects to each Interrogatory propounded by Plaintiff to the extent each seeks information protected by the attorney-client privilege and/or work-product doctrine. SGWS further objects to each Interrogatory to the extent it seeks to impose obligations on it beyond those

required by applicable court rules.  SGWS also objects to each Interrogatory to the extent each purports to require identification or production of documents prepared subsequent to the institution of this lawsuit or in anticipation of litigation.

2.      The inadvertent production of any information, documents or material protected by the attorney-client privilege or work-product doctrine will not waive SGWS's right to assert such privilege.  SGWS also retains the right to retrieve information, documents or material inadvertently produced, including copies thereof, if any, which are deemed to be protected by any such privilege.

3.      SGWS objects to each Interrogatory insofar as it seeks information beyond the temporal scope of discovery appropriate to this case on the grounds that such Interrogatories are overly broad and unduly burdensome and do not seek information that is relevant to this case.

4.      SGWS objects to the Interrogatories to the extent that they purport to require the disclosure of information that is not within possession, custody or control of SGWS.

5.      SGWS's failure to object on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground or grounds.

6.      The answers set forth herein are made without prejudice to, and without waiving, the following:

a.      SGWS's right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information which may hereinafter be provided or produced in response to Plaintiff's Interrogatories, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action.

b.      SGWS's right to object on any and all grounds at any time to other discovery procedures involving or relating to the subject matter of Plaintiff's Interrogatories herein answered.

c.      SGWS's right to provide, at any time, supplements, additions, revisions,

corrections, or clarifications with respect to any of the information provided, or the answers or objections made, in response to Plaintiff's Interrogatories.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

SGWS objects to Plaintiff's instructions and definitions as overly broad and unduly burdensome, and further objects to such instructions and definitions to the extent they attempt to impose obligations on SGWS beyond those set forth under the Federal Rules of Civil Procedure.

**RESPONSES**

**INTERROGATORY NO. 1:**

Identify the name and address of each person answering these interrogatories and any and all documents referred to, consulted in connection with, or containing information relating to, the answers to these interrogatories, and any documents.

**RESPONSE:** SGWS' responses to Plaintiff's interrogatories were prepared by counsel based on information and documents provided by multiple individuals and have been properly verified by an appropriate corporate representative (Kevin Randall). SGWS objects to identifying each such individual and the interrogatories as to which they provided information or documents as violating the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 2:**

Identify all persons who are believed or known by you to have any knowledge concerning the subject matter of this action, or the issues raised by either the complaint or your answer, or that relate to any claims for damages raised in raised in the complaint or your answer, and specify the subject matter about which each such person has knowledge.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is premature as discovery has just recently commenced; (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as initial disclosures and deposition testimony; and (4) is vague and ambiguous. Subject to and without waiving these objections, see SGWS' Initial Disclosures.

**INTERROGATORY NO. 3:**

Identify all of the individuals who supervised the Plaintiff during her employment with You, and

4

dates on which each individual was the Plaintiff's supervisor.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is unduly burdensome as it requires SGWS to search for all of Plaintiff's supervisors for the entire duration of her employment and the dates on which each individual was Plaintiff's supervisor; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, SGWS states that at all relevant times John Wilkinson (Warehouse Director) supervised Plaintiff.

**INTERROGATORY NO. 4:**

State every reason why the Plaintiff was selected for termination as part of the statewide layoff program.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is premature as discovery has just recently commenced; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, SGWS states the following. In early 2018, SGWS began a national initiative to reduce operating costs by increasing efficiency, eliminating positions, and streamlining its processes. In April 2018, 26 employees in New York were selected for lay-off as part of the program. The selection criteria for the program included job performance, position elimination, ability to perform the tasks required of those still employed, and suitability for the positions remaining after the reorganization. Plaintiff was among those selected for the program based on the foregoing criteria, and her

employment was terminated, and position eliminated, effective April 6, 2018. Subsequently, the same position was also eliminated in SGWS' upstate New York location.

**INTERROGATORY NO. 5:**

State every reason why Tonisha Durant was not selected for termination as part of the statewide layoff program.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is premature as discovery has just recently commenced; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, SGWS states the following. In early 2018, SGWS began a national initiative to reduce operating costs by increasing efficiency, eliminating positions, and streamlining its processes. In April 2018, 26 employees in New York were selected for lay-off as part of the program. The selection criteria for the program included job performance, position elimination, ability to perform the tasks required of those still employed, and suitability for the positions remaining after the reorganization. Tonisha Durant was not among those selected for the program based on the foregoing criteria, and her employment continued following the April 2018 reduction in force.

**INTERROGATORY NO. 6:**

Identify every "WMI Administrator" in the State of New York other than the Plaintiff who was terminated during the relevant time period due to Your statewide layoff program.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims and (2) seeks information obtainable from other discovery sources that

are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, SGWS states that the only WMI Administrator in New York whose employment was terminated as part of SGWS' April 2018 reduction in force was Plaintiff. SGWS further states that the WMI Administrator position in SGWS' upstate New York location was eliminated following the April 2018 reduction in force but that SGWS did not terminate the employee occupying that position (Melissa Johnson); instead, SGWS placed her into the Inventory Control Manager/WMI Administrator position that was open at that time.

**INTERROGATORY NO. 7:**

Identify every individual who held the position/title of "WMI Administrator" in the State of New York at any time during the relevant time period, and the dates on which each such individual held the "WMI Administrator" position.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims and (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, SGWS states that Maria Suarez held the position of WMI Administrator at the Syosset, New York facility from on or around May 9, 2016, to April 6, 2018, and that Melissa Johnson held the position of WMI Administrator at the Syracuse, New York facility from on or around October 20, 2014, to May 5, 2019.

**INTERROGATORY NO. 8:**

Identify every individual who held the position/title of "WMI Inventory Control Manager" in the State of New York during the relevant time period, and state the dates on which each such individual held the "WMI Inventory Control Manager" position.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims and (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, SGWS states that Tonisha Durant held the position of WMI Inventory Control Manager at the Syosset, New York facility from on or around May 23, 2016, to January 13, 2019, and that Richard Meyer held the position of WMI Inventory Control Manager at the Syracuse, New York facility from on or around June 20, 2005, to June 29, 2018.

**INTERROGATORY NO. 9:**

Identify each individual who applied for the "WMI Administrator" position which was offered to the Plaintiff.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is unduly burdensome as it requires SGWS to search voluminous records to identify every individual that applied for the WMI Administrator position at SGWS' Syosset facility; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, see SGWS 1532-1657.

**INTERROGATORY NO. 10:**

Identify each individual who applied for the "WMI Inventory Control Manager" position which was offered to Tonisha Durant.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS'

defenses to those claims; (2) is unduly burdensome as it requires SGWS to search voluminous records to identify every individual that applied for the WMI Inventory Control Manager position at SGWS' Syosset facility; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, see SGWS 1658-1864.

**INTERROGATORY NO. 11:**

Identify each individual who was involved in the Decision to offer the "WMI Administrator" position to the Plaintiff.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous as indicated by the use of the undefined term "the Decision"; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, SGWS states that Kevin Randall was the hiring manager for the WMI Administrator position that was offered to Plaintiff.

**INTERROGATORY NO. 12:**

Identify each individual who was involved in the Decision to offer the "WMI Inventory Control Manager" position to Tonisha Durant.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous as indicated by the use of the undefined term "the Decision"; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and

without waiving these objections, SGWS states that Kevin Randall was the hiring manager for the WMI Inventory Control Manager position that was offered to Tonisha Durant.

**INTERROGATORY NO. 13:**

State every reason why the Plaintiff was offered the "WMI Administrator" position, and every reason why the Plaintiff was not offered the "WMI Inventory Control Manager" position.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.

**INTERROGATORY NO. 14:**

State every reason why Tonisha Durant was offered the "WMI Inventory Control Manager" position, and if Tonisha Durant was not offered the "WMI Administrator" position, every reason why Tonisha Durant was not offered the "WMI Administrator" position.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.

**INTERROGATORY NO. 15:**

Identify each individual who was involved in the decision to select the Plaintiff for termination, and not select Tonisha Durant for termination as part of the statewide layoff program.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not

relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, SGWS states that Kevin Randall and Elizabeth Toohig were involved in the decision to terminate Plaintiff's employment as part of the April 2018 reduction in force.

**INTERROGATORY NO. 16:**

Identify by name and job title every Southern employee who was not a union member who was terminated due to the statewide layoff program.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) is unduly burdensome as it requires SGWS to search voluminous records to identify whether an employee is union or non-union and then determine whether they were selected for termination as part of a reduction in force along with their job title; (3) is fishing for information on claims not made in the complaint; and (4) is duplicative of Plaintiff's other Interrogatories such as Interrogatory No. 6.  Subject to and without waiving these objections, see SGWS 1176.

**INTERROGATORY NO. 17:**

State the precise date on which "John Wilkinson relocated Suarez to an office on the warehouse floor" as indicated in paragraph 74 of your answer.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are

more convenient, less burdensome, or less expensive such as deposition testimony; and (3) is premature as discovery has just recently commenced.  Subject to and without waiving these objections, SGWS states that it does not have knowledge or information sufficient to form a response to Interrogatory No. 17.

**INTERROGATORY NO. 18:**

Describe all "legitimate, non-discriminatory and non-retaliatory business reasons" why Southern made the "decisions with respect to Suarez's employment" as stated in your 2nd Affirmative Defense.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; (3) calls for a legal conclusion; and (4) is duplicative of Plaintiff's other Interrogatories such as Interrogatory No. 4.

**INTERROGATORY NO. 19:**

State the specific exemption(s) from the overtime requirements of the FLSA and the NYLL asserted by the Defendant pursuant to its 5th Affirmative Defense.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; and (3) calls for a legal conclusion.

**INTERROGATORY NO. 20:**

State the date on which the Plaintiff was furnished with the performance review dated February 1, 2014.

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims and (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.  Subject to and without waiving these objections, see SGWS 1379-1512.

**INTERROGATORY NO. 21:**

Identify every female who was hired into the "warehouse" classified position from 2004 until 2017, and the date on which each such individual was hired (See Defendant's Answer denying Plaintiff's allegation that "[f]rom 2004 until…2017, Southern did not hire any females into the "warehouse" classified position.").

**RESPONSE:**  SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; (3) is unduly burdensome as it requires SGWS to search voluminous records to identify all female employees who were hired into a warehouse classified position from 2004 to 2017 along with their dates of hire; and (4) is fishing for information on claims not made in the complaint.

**INTERROGATORY NO. 22:**

Identify every female who was classified as a "warehouse" employee for the period from 2004 to 2017 (See Defendant's Answer denying Plaintiff's allegation that "[f]rom 2004 until. . .2017, Southern's 'warehouse' classified workforce was 100% male.")

13

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; (3) is unduly burdensome as it requires SGWS to search voluminous records to identify all female employees who were hired into a warehouse classified position from 2004 to 2017 along with their dates of hire; (4) is fishing for information on claims not made in the complaint; and (5) is duplicative of Interrogatory No. 21.

**INTERROGATORY NO. 23:**

Specify all dates when Southern issued litigation hold instructions and who received the litigation hold instructions concerning the Plaintiff's EEOC charge and this litigation.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claim; and (2) seeks information protected by the attorney-client privilege and work-product doctrine.

**INTERROGATORY NO. 24:**

Identify the individual who occupied the Plaintiff's former office after she was relocated to the office on the warehouse floor.

**RESPONSE:** SGWS objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's retaliation and overtime claims and SGWS' defenses to those claims; (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; (3) is premature as discovery has just recently commenced; and (4) is vague and ambiguous. Subject to

14

and without waiving these objections, SGWS states that Plaintiff's former office was occupied by

Ena Scott (Inventory Control Clerk).

Dated: March 29, 2021

/s/ Anjanette Cabrera
Anjanette Cabrera
Stephen Stecker
Constangy, Brooks, Smith & Prophete, LLP
101 6th Avenue
New York, New York 10013
Phone: 646.341.6544
Email: acabrera@constangy.com
Email: sstecker@constangy.com
**ATTORNEYS FOR SGWS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 29, 2021, I served **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on Plaintiff's attorney by email:

> Steven J. Moser
> Moser Law Firm, P.C.
> 5 E. Main Street
> Huntington, New York 11743
> Phone: (631) 824.0200
> Email: steven.moser@moserlawfirm.com
> **ATTORNEY FOR PLAINTIFF**

> */s/ Anjanette Cabrera*
> Anjanette Cabrera

16

## VERIFICATION

I, Kevin Randall, do affirm and attest that I am an authorized agent for Defendant Southern Glazer's Wine & Spirits of New York, LLC ; that I have read the foregoing Defendant's Responses to Plaintiff's First Set of Interrogatories; that said responses were prepared based on information obtained from employees of Defendant, upon which I relied, and that said responses, subject to inadvertent or undiscovered errors, are based on and limited by the records and information still in existence, presented, recollected and thus far discovered in the preparation of these responses; that consequently, Defendant reserves the right to make changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, that said responses are true and correct to the best of my knowledge, information and belief.

Kevin Randall

3·29·21

Date

17