**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARIA SUAREZ,

                    Plaintiff,

          v.

SOUTHERN GLAZER'S WINE AND SPIRITS OF          **Case No. 2:19-cv-07271-GRB-LGD**
NEW YORK, LLC,

                    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER-STATEMENT OF
MATERIAL FACTS**

---

Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophet LLP
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
Telephone: (646) 341-6536
E-mail: acabrera@constangy.com
E-mail: tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANT**

Defendant Southern Glazer's Wine and Spirits of New York, LLC (hereinafter "SGWS" or "Defendant") submits the following in response to Plaintiff Maria Suarez's ("Suarez" or "Plaintiff") Counter-Statement of Material Facts ("CSOF").

Defendant notes at the outset that Plaintiff admits the overwhelming majority of Defendant's Statement of Facts ("SOF").  Specifically, Plaintiff admits paragraphs[1] numbered 1-4, 6, 7.1-7.2, 10-12, 13.1, 15, 18, 21.1, 23, 31-32, 28.1, 46-47, 52, 59-69.  In many other instances, Plaintiff admits the material aspect of a paragraph, but improperly adds self-serving and/or unsupported additional arguments without citation to the record, as required by Fed. R. Civ. P. 56(c)(1)(A), including Defendant's paragraphs 13, 13.2, 17, 21.2, 22, 28, 33, 37, 41-45, 48, 51, 53-56.  These facts must be deemed admitted.  In response to the remaining paragraphs in Defendant's SOF, Plaintiff fails to properly dispute the fact or such denial is immaterial, including Defendant's SOF paragraphs 5, 7.3, 8-9, 14, 16-17, 18.1, 19-21, 21.3, 24-27, 29-30, 34-36, 38-40, 49-50, 57-58, 70.  Thus, these facts must either be admitted pursuant to Fed. R. Civ. P. 56(e) or are insufficient to create a material dispute of fact.  Defendant addresses the remainder of Plaintiff's CSOF below.

### SGWS' Responses to Plaintiff's Counter Statement of Material Facts

8(a).   SGWS does not dispute paragraph 8(a).

8(b).   SGWS does not dispute paragraph 8(b).

8(c).   SGWS does not dispute paragraph 8(c).

8(d).   SGWS does not dispute that Suarez signed a performance evaluation on May 20, 2014.  *See* Performance Evaluation (attached as Exhibit 3 to the Cabrera Decl.).  To the extent that Suarez asserts that the 2014 evaluation was the last evaluation SGWS prepared for her, SGWS

---

[1] SGWS points out that Plaintiff "renumbered" SGWS' SOF in her CSOF.  Accordingly, this response follows the numbers set forth in Plaintiff's CSOF for ease of reading.

disputes the assertion because Suarez received performance evaluations in 2016 and 2017.  *See* 2016 and 2017 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl.).

       8(e).     SGWS does not dispute paragraph 8(e).

       8(f).     SGWS does not dispute paragraph 8(f).

       8(g).     SGWS does not dispute paragraph 8(g).

       8(h).     SGWS disputes the assertions in paragraph 8(h) as a mischaracterization of Kevin Randall's deposition testimony.  *See* Randall Dep. at 46:25-47:9 (attached as Exhibit 15 to the Cabrera Decl.) (Q: "How frequently are these performance evaluations conducted?" A: "Yearly." Q: "Why are they done yearly?" A: "Annual review of the employees, the work performance and future goals to be set."  Q: "Is that pursuant to a company-wide policy?" A: "Yes.").  Nonetheless, Plaintiff's assertion regarding her 2014 performance review is immaterial to controvert Defendant's SOF.

       8(i).     SGWS disputes paragraph 8(i) because Plaintiff's citation does not stand for the assertion set forth in Plaintiff's CSOF.

       8(j).     SGWS does not dispute paragraph 8(j).

       8(k).     SGWS disputes paragraph 8(k) and asserts that Plaintiff was issued a performance evaluation for the 2015 year.  *See* 2016 Performance Review (attached as Exhibit 8 to the Cabrera Decl., p. 1-5).  Nonetheless, Plaintiff's assertion regarding her 2015 performance review is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

       8(l).     SGWS disputes paragraph 8(l) and asserts that Plaintiff was issued a performance evaluation for the 2015 year.  *See* 2016 Performance Review (attached as Exhibit 8 to the Cabrera Decl., p. 1-5).  Nonetheless, Plaintiff's assertion regarding her 2015 performance review is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

8(m).   SGWS disputes paragraph 8(m) and asserts that Plaintiff was issued a performance evaluation for the 2015 year.  *See* 2016 Performance Review (attached as Exhibit 8 to the Cabrera Decl., p. 1-5).   Nonetheless, Plaintiff's assertion regarding her 2015 performance review is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

8(n).   SGWS does not dispute paragraph 8(n).

8(o).   SGWS does not dispute that Plaintiff testified to having no recollection of receiving her 2016 through 2017 performance evaluations.  However, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

8(p).   SGWS disputes paragraph 8(p) and asserts that Plaintiff was issued a performance evaluation for the 2016 and 2017 years.  *See* 2016 and 2017 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl., p. 1-5).  Nonetheless, Plaintiff's assertion regarding her 2016 and 2017 performance reviews is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

8(q).   SGWS disputes paragraph 8(q) and asserts that Plaintiff was issued a performance evaluation for the 2016 and 2017 years.  *See* 2016 and 2017 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl., p. 1-5).  Nonetheless, Plaintiff's assertion regarding her 2016 and 2017 performance reviews is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

8(r).   SGWS does not dispute paragraph 8(r).  SGWS' performance rating scale is as follows: "Non-Performer," "Needs Improvement," "Performer," "High Performer," and "Top Performer."  *See generally* Performance Evaluation (attached as Exhibit 3 to the Cabrera Decl., p. 1).

8(s).   SGWS disputes paragraph 8(s) because Suarez maintained managerial authority over the IC Clerks until her termination from SGWS.  *See* Randall Dep. at 67:24-68:3 (attached as

Exhibit 15 to the Cabrera Decl.).  SGWS further disputes Suarez' assertion because Wilkinson noted significant areas of improvement in her performance evaluations, including that she needed to improve her communication skills and ability to collaborate with other departments in the company and other functions in the warehouse; to keep an open mind and be able to recognize the limits of her knowledge and identify when to ask for help, rather than allowing her ego or stubbornness to get in the way of efficiency and success; to improve her problem-solving skills; and to take more personal accountability for errors made by her and her team.  *See* Performance Evaluation (attached as Exhibit 3 to the Cabrera Decl., p. 5, 9, 10, 15, 18, 19, 20, 26, 27, 28).

8(t).    SGWS does not dispute paragraph 8(t), but asserts that Wilkinson also included comments regarding areas of improvement for Suarez.  *See* SGWS' response to Plaintiff's CSOF 8(s).

8(u).    SGWS does not dispute paragraph 8(u).

8(v).    SGWS does not dispute paragraph 8(v).

8(w).    SGWS does not dispute paragraph 8(w).

9(a).    SGWS does not dispute that Suarez' performance evaluation states that "Maria is honest and communicated very timely."   However, SGWS notes that the remainder of the paragraph provides: "Maria occasionally and unfortunately misinterprets emails between herself and other department which occasionally lead to email wars.  While most of it is trivial and 90% of the time a misunderstanding, she needs to work on this form of communication" and rates Suarez as "Needs Improvement."   *See* Performance Evaluation (attached as Exhibit 3 to the Cabrera Decl., p. 19).

9(b).    SGWS does not dispute paragraph 9(b).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(c).    SGWS does not dispute paragraph 9(c).    Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(d).    SGWS does not dispute paragraph 9(d).    However, SGWS asserts that Suarez received a "Performer" rating for this section.   Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(e).    SGWS does not dispute paragraph 9(e).    Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(f).    SGWS does not dispute paragraph 9(f).    Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(g).    SGWS does not dispute paragraph 9(g).    Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

9(h).    SGWS does not dispute paragraph 9(h).    Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

10(a).   SGWS does not dispute that Suarez' 2013 performance evaluation stated that "Maria works well with other departments.   In the past she did struggle occasionally but has improved her approach over the last few years."   SGWS disputes that the 2013 evaluation was Suarez's last evaluation.   *See* 2016 and 2017 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl.).   Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

10(b).   SGWS does not dispute paragraph 10(b).   Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

16(a).   SGWS does not dispute paragraph 16(a).

16(b).   SGWS disputes paragraph 16(b).   Randall selected Suarez for the WMI Administrator position because she "was [the] best fit for the inventory control counting piece

5

where she had been placed." *See* Randall Dep. at 62:7-25; 63:2-8 (attached as Exhibit 15 to the Cabrera Decl.). Randall believed Suarez "was the most qualified person for this job" because "[s]he worked in the warehouse every day alongside of all of those people and her team and nothing in this new [WMI] world was going to change. That was all going to stay the same. It was just how [SGWS] reported to accounting and to corporate in [its] results…" *See* Randall Dep. at 82:19-83:7 (attached as Exhibit 15 to the Cabrera Decl.). Whether Randall interviewed Suarez is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

16(c). SGWS disputes paragraph 16(c) because Suarez cites to no evidence in the record[2] as required by Fed. R. Civ. P. 56(c)(1)(A). SGWS further asserts that this paragraph is immaterial to controvert summary judgment because SGWS cited to relevant deposition testimony and is not required to maintain "documents showing how the decision to reclassify Maria . . . was made in early 2016."

16(d). SGWS does not dispute paragraph 16(d). However, Suarez' qualifications are immaterial to controvert summary judgment for the reasons set forth in response to Plaintiff's CSOF 16(b).

16(e). SGWS disputes the assertion in paragraph 16(e) because the citation does not support the assertion therein. Further, Randall determined that Plaintiff was the most qualified for the WMI Administrator role for the reasons set forth in response to Plaintiff's CSOF 16(b). This paragraph is immaterial to controvert summary judgment or create a material dispute of fact.

16(f). SGWS does not dispute that Durant did not have an accounting degree. Nonetheless, this assertion is immaterial to controvert summary judgment or create a material

---

[2] Plaintiff's assertion is not supported by any record evidence. *See* Fed. R. Civ. P. 56(c)(1)(A) (noting that the party opposing summary judgment must cite to "particular parts of materials" that are "in the record"); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (holding that "unsupported allegations do not create a material issue of fact").

dispute of fact because Randall selected Durant for the WMI Inventory Control Position since it was within the accounting department and Durant's previous position was also in the accounting department.  Durant was the best fit and most qualified for this position.  *See* Randall Dep. at 62:7-63:8 (attached as Exhibit 15 to the Cabrera Decl.).  Durant's role "did not change.  Her role came from the accounting [department] where she used to work and she applied to this position to become the Inventory Control Manager.  She is the communicator between the accounting and the warehouse.  She remained that constant."  *See* Randall Dep. at 75:9-19 (attached as Exhibit 15 to the Cabrera Decl.).

16(g).  SGWS disputes paragraph 16(g) as Suarez cites to no evidence in the record to support the assertion therein.  SGWS also disputes that Suarez did not receive a performance review for the 2015 year.  .*See* 2016 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl.).

17.1(a).   SGWS does not dispute paragraph 17.1(a).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(b).   SGWS does not dispute paragraph 17.1(b).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(c).   SGWS disputes paragraph 17.1(c) because the citation contained within does not support the assertion therein.  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(d).   SGWS does not dispute paragraph 17.1(d).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(e).   SGWS disputes paragraph 17.1(e) for the following reasons.  First, Suarez relies upon documents not produced in discovery, which cannot be considered on a summary judgment

motion.[3]  Second, Suarez improperly mischaracterizes Wilkinson's testimony from the *Sajous*

lawsuit without introduction of the full transcript and the entirety of his statement.  Specifically,

Wilkinson testified on October 25, 2016 as follows:

> Q: At the time that Josie worked for Southern, did inventory control clerks still
> report to Maria Suarez?
> A: Yes.
> Q: Do inventory control clerks still report to Maria Suarez?
> A: Yes.  For purposes of discipline the answer is no.  But for purposes of getting
> work assignments, yes.

*See* Deposition Transcript of John Wilkinson ("Wilkinson Dep.") at 105:14-22 (attached as Exhibit

30 to the Supplemental Declaration of Anjanette Cabrera "Cabrera Supp. Decl.").  Accordingly,

Wilkinson testified that Plaintiff controlled the IC Clerks and directed their work and Plaintiff's

assertion is disputed.

      17.1(f).   SGWS does not dispute that Plaintiff's disciplinary authority was taken away but

disputes that Plaintiff was no longer a supervisor for the reasons set forth in response to Plaintiff's

CSOF 18.1(a) below.

      17.1(g).   SGWS disputes paragraph 17.1(g).  Specifically, Wilkinson testified as follows:

> Q: Why do they [inventory control clerks] no longer report to Maria Suarez for the
> purpose of discipline?
> A: Because based upon the way the WMI system incorporates the way they define
> the roles.  Because there are roles.  They [sic] is why we changed the roles of
> people's position.  Because of WMI.  It becomes a separation of duties.  She needs
> to be – her position needs to be one pretty much of autonomy.  She can't have direct
> responsibility for disciplining those that are not cycle counters.  There is some sort
> of structure that needs to be in place for purposes of counting and clarity.

---

[3] "On a Motion for Summary Judgment, [the] court may not consider document[s] not produced during discovery."
*Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 269, n.4 (S.D.N.Y. 2014), aff'd, 882 F.3d 394 (2d Cir. 2018).
"Federal Rule of Civil Procedure 37(c)(1) is 'intended to prevent the practice of 'sandbagging' an opposing party with
new evidence[,]'" further stating that "'[i]f a party fails to provide information or identify a witness as required by
Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless
the failure was substantially justified or is harmless.'" *Codename Enterprises, Inc. v. Fremantlemedia No. Am., Inc.*,
No. 16-cv-1267, 2018 U.S. Dist. LEXIS 110284, at *2 (S.D.N.Y. Jan. 12, 2018).

*See* Wilkinson Dep. at 105:23-106:11 (attached as Exhibit 30 to the Cabrera Supp. Decl.). Nonetheless, the rationale behind why portions of Plaintiff's job duties were reassigned in 2016 is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(h).   SGWS does not dispute paragraph 17.1(h).   Nonetheless, the rationale behind why portions of Plaintiff's job duties were reassigned in 2016 is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

17.1(i).   SGWS does not dispute the substance of Kohn's testimony.   Nonetheless, the rationale behind why portions of Plaintiff's job duties were reassigned in 2016 is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

18.1(a).   SGWS does not dispute the substance of Suarez' testimony.   However, SGWS asserts that Suarez' duties would not change because Suarez was still responsible for directing the work of the IC clerks. *See* WMI Administrator Job Description (attached as Exhibit 5 to the Cabrera Decl.); and Randall Dep. at 63:9-24 (attached as Exhibit 15 to the Cabrera Decl.); and Kohn Dep. at 30:14-17 (attached as Exhibit 14 to the Cabrera Decl.) ("Don't be misled by the title of [WMI] administrator.  The inventory control clerks reported through [Suarez].  Her voice was heard when she talked about them.").  As WMI Administrator, Suarez continued to have influence on evaluating how IC clerks performed their jobs and decisions on changes in their status. The only thing that changed from her prior job as Inventory Control Manager was the use of the WMI. *See* Randall Dep. at 63:9-24 (attached as Exhibit 15 to the Cabrera Decl.); Kohn Dep. at 34:14-18; 36:15-23; 37:2-5 (attached as Exhibit 14 to the Cabrera Decl.) (Suarez "managed the inventory control department, a recognized department.  Her voice was heard and respected if she made recommendations for discipline and this group of inventory and cycle counters reported to her. She was responsible for them" and Suarez "asked for an additional cycle counter at one point" approximately one year to 18 months prior to her department (Fall 2016), and "Wilkinson agreed

to hire an additional cycle counter."); and Suarez Dep. at 74:15-5 (attached as Exhibit 19 to Cabrera Decl.) (Suarez admitting that she directed the IC Clerks' work while employed as the WMI Administrator).

18.1(b).   See SGWS' response to Plaintiff's CSOF 24.

18.1(c).   SGWS does not dispute paragraph 18.1(c).

18.1(d).   SGWS does not dispute paragraph 18.1(d).

18.1(e).   SGWS does not dispute that paragraph 18.1(e) contains a citation to Plaintiff's deposition testimony.   SGWS asserts that Plaintiff's job duties as WMI Administrator largely remained the same for the reasons set forth in response to CSOF 18.1(a).

18.1(f).   SGWS denies paragraph 18.1(f) for the reasons set forth in response to CSOF 18.1(a).   Nonetheless, Plaintiff's assertion regarding the scope of her job duties is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

18.1(g).   SGWS denies paragraph 18.1(f) for the reasons set forth in response to CSOF 18.1(a).   Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

18.1(h).   SGWS denies paragraph 18.1(h) for the reasons set forth in response to CSOF 18.1(h).

18.1(a).[4]   SGWS does not dispute paragraph 18.1(i) but asserts that Plaintiff maintained supervisory authority over the IC Clerks after she became WMI Administrator.   *See* WMI Administrator Job Description (attached as Exhibit 5 to the Cabrera Decl.); and Randall Dep. at 63:9-24 (attached as Exhibit 15 to the Cabrera Decl.); Kohn Dep. at 30:14-17 (attached as Exhibit 14 to the Cabrera Decl.) ("Don't be misled by the title of [WMI] administrator.   The inventory

---

[4] Plaintiff misnumbered the remainder of the 18.1 paragraphs in her CSOF.   For ease of reference, this response continues to mirror the numbering set forth in Plaintiff's CSOF.

control clerks reported through [Suarez].  Her voice was heard when she talked about them."); and **Suarez Dep. at 74:15-5 (attached as Exhibit 19 to Cabrera Decl.) (Suarez admitting that she directed the IC Clerks' work while employed as the WMI Administrator)**.

18.1(b).   SGWS does not dispute paragraph 18.1(b).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

18.1(c).   SGWS disputes paragraph 18.1(c) for the reasons set forth in response to CSOF 18.1(a).

18.1(d).   SGWS does not dispute paragraph 18.1(d).

18.1(e).   SGWS does not dispute that her threshold was set to $500.  *See also* Kohn Dep. at 107:9-17 (attached as Exhibit 14 to Cabrera Decl.) (stating that the threshold of "$500 was consistent.  This is standard.  That is not just a New York phenomenon.  This is what we ask of the person controlling the books").

18.1(f).   SGWS does not dispute paragraph 18.1(f).

18.1(g).   SGWS does not dispute paragraph 18.1(g).

18.1(h).   SGWS does not dispute paragraph 18.1(h).

18.1(i).   SGWS does not dispute paragraph 18.1(i).

18.1(j).   SGWS does not dispute paragraph 18.1(j).

18.1(k).   SGWS does not dispute paragraph 18.1(k).

18.1(l).   SGWS does not dispute paragraph 18.1(l) but asserts that Plaintiff maintained supervisory authority over the IC Clerks after she became WMI Administrator for the reasons set forth in response to CSOF 18.1(a).

18.1(m).   SGWS does not dispute paragraph 18.1(m).

18.1(n).   SGWS does not dispute paragraph 18.1(n).

18.1(o).   SGWS does not dispute paragraph 18.1(o).

18.1(p).   SGWS does not dispute paragraph 18.1(p).

18.1(q).   SGWS disputes paragraph 18.1(q) because Plaintiff's citation does not stand for the assertion set forth in Plaintiff's CSOF.

18.1(r).   SGWS does not dispute paragraph 18.1(r).

18.1(s).   SGWS disputes paragraph 18.1(s) as a mischaracterization of Kohn's deposition testimony.   Kohn testified as follows regarding Suarez' reconciling behind the cycle counters throughout the day:

> Q: How would Maria do that?
> A: This is advance and this is coaching because there are bundles of emails, volumes of emails that show Maria accepted cycle counts that could have been incorrect and were incorrect from her desk.  Never walked out on the floor.  Never took a look at it.  Never said or took the matter uphill to her managers and said this is wrong.  She memorialized a bad count.  So this suggests that after the cycle counters count everything systematically in the computer, if you see something that is way off base, that's well outside the norm, that exceeds your guardrail or your authority, take a walk on the floor and take a look at it, put eyes on it, get out there before you validate something and say yes.  We are short or worse case yes, we over and we inflate our inventory. Go out there and take a look.  Walk behind them.  Them would be the cycle inventory control counters.

*See* Kohn Dep. at 109:2-25 (attached as Exhibit 14 to the Cabrera Decl.).

18.1(t).   SGWS does not dispute paragraph 18.1(t).

18.1(u).   SGWS does not dispute paragraph 18.1(u).

18.1(v).   SGWS disputes paragraph 18.1(v) for the reasons set forth in Plaintiff's CSOF 18.1(u).

18.1(w).   SGWS disputes paragraph 18.1(w) because Plaintiff's citation does not stand for the assertion set forth in Plaintiff's CSOF.

18.1(x).   SGWS disputes paragraph 18.1(x) because Plaintiff does not cite to evidence in the record as required by. R. Civ. P. 56(c)(1)(A).   Nonetheless, SGWS disputes that Plaintiff was not accountable for the IC Clerks for the reasons set forth in response to Plaintiff's CSOF 18.1(a).

18.1(y).   SGWS disputes paragraph 18.1(y) because Plaintiff does not cite to evidence in the record as required by. R. Civ. P. 56(c)(1)(A).

18.1(z).   SGWS disputes paragraph 18.1(z) as a mischaracterization of Suarez' deposition testimony.  Suarez testified that as the WMI Administrator she would "help[] closing the last night of operations," "give work to [her] team.  [She would] double check their work and approve their work," which took up to eight hours per day.  *See* Suarez Dep. at 68:25-69:20 (attached as Exhibit 19 to Cabrera Decl.).

18.1(aa).   SGWS disputes paragraph 18.1(aa) as an impermissible opinion.  Nonetheless, Plaintiff's assertion that she "did her best" is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

20(a).   SGWS disputes paragraph 20(a).  *See* Suarez Dep. at 74:15-5 (attached as Exhibit 19 to Cabrera Decl.) (Suarez admitting that she directed the IC Clerks' work while employed as the WMI Administrator)**;** and Kohn Dep. at 58:14-18 (attached as Exhibit 14 to the Cabrera Decl.) ("[Suarez] assigned work to the cycle counters while she was the warehouse inventory manager in a manual system and after she became the WMI administrator.  It was [Suarez'] job to assign work to the counters."); Johnson Dep. at 8:19-23 (attached as Exhibit 16 to Cabrera Decl.) (duties of the WMI Administrator were "[t]o ensure that the system was correct at all times and to direct the cycle counters to their job duties each day."); and WMI Administrator History and Job Description (attached as Exhibit 5 to the Cabrera Decl.) (stating that the WMI Administrator is to "Provide Leadership...").

20(b).   SGWS disputes paragraph 20(b) for the reasons set forth in response to CSOF 20(a).

20(c).   SGWS disputes paragraph 20(c) for the reasons set forth in response to CSOF 20(a).

20(d).  SGWS disputes paragraph 20(d) for the reasons set forth in response to CSOF 20(a).

21(a).  SGWS does not dispute paragraph 21(a).  Nonetheless, Plaintiff's assertion regarding position is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

21(b).  SGWS does not dispute paragraph 21(b).  Nonetheless, Plaintiff's assertion regarding the date of the posting of the Inventory Control Manager position is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

23(a).  SGWS disputes paragraph 23(e) because Plaintiff does not cite to evidence in the record and improperly relies upon counsel's opinion.

23(b).  SGWS disputes paragraph 23(b) because Plaintiff does not cite to evidence in the record and improperly relies upon counsel's opinion.

23(c).  SGWS disputes paragraph 23(g) because Plaintiff does not cite to evidence in the record and improperly relies upon counsel's opinion.

23(d).  SGWS does not dispute paragraph 23(d).

23(e).  SGWS disputes paragraph 23(a) because Plaintiff does not cite to evidence in the record and improperly relies upon counsel's opinion.

23(f).  SGWS does not dispute paragraph 23(f).

23(g).  SGWS disputes paragraph 23(a) because Plaintiff does not cite to evidence in the record and improperly relies upon counsel's opinion.

23(h).  SGWS does not dispute paragraph 23(h).

24(a).  SGWS admits paragraph 24(a).

24(b).  SGWS disputes paragraph 24(b) because Plaintiff's citation does not stand for the assertion set forth in Plaintiff's CSOF.

24(c).   SGWS disputes paragraph 24(c) because Suarez was not performing manual work. *See* WMI Administrator Job Description (attached as Exhibit 5 to the Cabrera Decl.); Kohn Dep. at 34:22-23 (attached as Exhibit 14 to the Cabrera Decl.) (Suarez "was more clerical, less physical in her function."); and Randall Dep.at 100:4-101:8 (attached as Exhibit 15 to Cabrera Decl.) (stating that Suarez could not perform manual work because this was a unionized work-force and nonunion workers were prohibited from performing manual tasks).

28.     SGWS admits that Kohn sent the email produced as SGWS002088, but disputes that Suarez was stripped of "any remaining discretion the Plaintiff might have had."  Suarez continues to exercise discretion and independent judgment over her strategy, execution, and building capabilities responsibilities as WMI Administrator, including with respect to execution, Suarez had discretion and independent judgment over implementing operations to ensure continuous improvement measures and initiatives.  *See* Kohn Dep. at 95:4-96:7 (attached as Exhibit 14 to the Cabrera Decl.) (explaining Suarez's discretion with regard to different variances with the WMI program): and Finkelstein Dep. at 41-44; 47:6-15 (attached as Exhibit 18 to Cabrera Decl.) (explaining WMI Administrator's responsibilities regarding analyzing inventory reports).

33(d).[5]  SGWS does not dispute paragraph 33(d).

33(e).   SGWS does not dispute paragraph 33(e).

33(f).   SGWS denies paragraph 33(f) because SGWS provided Go Live training to prepare employees for the WMI program.  *See* Johnson Dep. at 14:1-16:25 (attached as Exhibit 16 to Cabrera Decl.) (Melissa Johnson assisted with the initial WMI Training which was called "Go Live" and was done by the WMI Implementation Team).

33(g).  SGWS does not dispute paragraph 33(g).

---

[5] There is no 23(a)-(c) in Plaintiff's CSOF.

34(a).  SGWS does not dispute paragraph 34(a).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

34(b).  SGWS does not dispute paragraph 34(b).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

34(c).  SGWS does not dispute paragraph 34(c).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

34(d).  SGWS does not dispute paragraph 34(d).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

34(e).  SGWS does not dispute paragraph 34(e).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

34(f).  SGWS does not dispute paragraph 34(f).  Nonetheless, Plaintiff's assertion regarding her attitude during training is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

35(a).  SGWS does not dispute paragraph 35(a).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

35(b).  SGWS does not dispute paragraph 35(b).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

39(a).  SGWS disputes paragraph 39(a).  *See* Toohig Emails (attached as Exhibit 29 to the Cabrera Decl., SGWS002068-002069) wherein Kohn sent an email dated December 5, 2016

stating: "After working on the data Saturday and Sunday, Tonisha and Melissa were able to reduce the $1.7 million variance to $135K.  Retracting and undoing each transaction is laborious, and without a doubt unfortunate.  They were able to focus on the major issues, but there is more work still to be done.  There is nothing keeping Maria from continuing to make these errors if she is allowed to continue to make adjustments in the system.  This needs to be a top priority for us today please.") and *See* Kohn Dep. at 104:15-18 (attached as Exhibit 14 to the Cabrera Decl.) (Suarez "wrote off things and did not communicate them well in excess of $500.  There was one particular day she wrote off $1,700,000 and didn't tell anyone and left it alone.").

39(b).  SGWS disputes paragraph 39(b) for the reasons set forth in response to CSOF 39(a).

39(c).  SGWS does not dispute paragraph 39(c).   Nonetheless, Plaintiff's assertion regarding the timing of the emails and approaching Plaintiff about the incident is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

39(d).  SGWS does not dispute paragraph 39(d).   Nonetheless, Plaintiff's assertion regarding the proposed termination letter is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

39(e).  SGWS does not dispute paragraph 39(e).   Nonetheless, Plaintiff's assertion regarding the proposed termination letter is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(a).  SGWS does not dispute paragraph 50(a).

50(b).  SGWS does not dispute paragraph 50(b).

50(c).  SGWS does not dispute paragraph 50(c).

50(d).  SGWS does not dispute paragraph 50(d).   Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(e).   SGWS disputes paragraph 50(e) as a mischaracterization of Randall's deposition testimony.  Randall testified that Metro New York "should be" profitable.  *See* Randall Dep. at 54:9-11 (attached as Exhibit 15 to the Cabrera Decl.). Nonetheless, Plaintiff's assertion regarding the profitability of Metro New York is immaterial to controvert Defendant's SOF or to create a material dispute of fact because the profitability is not determinative of whether a company may or may not reduce expenses.

50(f).   SGWS disputes paragraph 50(f) as a mischaracterization of Randall's deposition testimony.  Randall testified that the reduction in force would make Metro New York more profitable.  Nonetheless, Plaintiff's assertion regarding the profitability of Metro New York is immaterial to controvert Defendant's SOF or to create a material dispute of fact because the profitability is not determinative of whether a company may or may not reduce expenses.

50(g).   SGWS disputes paragraph 50(g) as a mischaracterization of Randall's deposition testimony.  Randall testified as follows:

> Q: Did you receive a raise in 2018? Again, I don't want to know the amount but did you receive a raise in 2018?
> A: I assume so, yes, without going back, I think that's normal.
> Q: Did other managers at Southern in Syosset receive raises in 2018?
> A: Management get raises in the first quarter of the year.  The union gets their raises at the end of the year, November.

*See* Randall Dep. at 59:18-60:3 (attached as Exhibit 15 to the Cabrera Decl.).  Nonetheless, Plaintiff's assertion regarding the profitability of Metro New York is immaterial to controvert Defendant's SOF or to create a material dispute of fact because the profitability is not determinative of whether a company may or may not reduce expenses.

50(h).  SGWS does not dispute paragraph 50(h). Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(i).  SGWS does not dispute paragraph 50(i).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(j).  SGWS does not dispute paragraph 50(j).  Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(k).  SGWS disputes paragraph 50(k) because Plaintiff cites to no evidence in the record as required by Fed. R. Civ. P. 56(c)(1)(A).  SGWS further asserts that this paragraph is immaterial to controvert summary judgment because SGWS cited to relevant deposition testimony.

50(l).  SGWS disputes paragraph 50(l) because Suarez cites to no evidence in the record as required by Fed. R. Civ. P. 56(c)(1)(A).  SGWS further asserts that this paragraph is immaterial to controvert summary judgment because SGWS cited to relevant deposition testimony.

50(m). SGWS disputes paragraph 50(e) as a mischaracterization of Randall's deposition testimony.  Randall testified as follows:

> Q: How did you select Maria?
> A: The same as I did for all individuals.  It was a very daunting task to do.  Two criteria is, one possible job performance, and [sic] but overall what positions could be eliminated and were not being replaced to keep the company going.

*See* Randall Dep. at 59:6-11 (attached as Exhibit 15 to the Cabrera Decl.). Nonetheless, Plaintiff's assertion is immaterial to controvert Defendant's SOF or to create a material dispute of fact.

50(n).  SGWS does not dispute paragraph 50(n).

50(o).  SGWS does not dispute paragraph 50(o).

50(p).  SGWS disputes paragraph 50(p) as SGWS has produced significant record evidence regarding Suarez' performance issues.  *See* Performance Evaluations (attached as Exhibit 3 to the Cabrera Decl.); 2016 and 2017 Performance Reviews (attached as Exhibit 8 to the Cabrera Decl.); January 2017 Written Warning and December 2017 Final Written Warning (attached as Exhibit 9 to the Cabrera Decl.); and March 2017 Email (attached as Exhibit 21 to the Cabrera

Decl.); September 2016 WMI Administrator Performance Expectations Memo (attached as Exhibit 6 to the Cabrera Decl.); January 2017 Performance Improvement Plan (attached as Exhibit 7 to the Cabrera Decl.); and January 2017 Email (attached as Exhibit 28 to the Cabrera Decl.).

Dated: April 6, 2023

Respectfully submitted,

By: */s/ Anjanette Cabrera*

Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete LLP
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
Telephone: (646) 341-6536
E-mail: acabrera@constangy.com
E-mail: tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I, Anjanette Cabrera, certify that **DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER STATEMENT OF FACTS IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed on April 6, 2023, using the Court's Electronic Case Filing (ECF) system, which will send notice of the filing to Plaintiff's attorney:

> Steven John Moser
> Moser Law Firm, PC
> 3 School Street, Suite 207B
> Glen Cove, New York 11542
> Telephone: (516) 671-1150
> E-mail: smoser@moseremploymentlaw.com
> **ATTORNEY FOR PLAINTIFF**

_/s/ Anjanette Cabrera_
Anjanette Cabrera