UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA SUAREZ,

        Plaintiff,

        v.

SOUTHERN GLAZER'S WINE AND SPIRITS OF NEW YORK, LLC,

        Defendant.

Case No. 2:19-cv-07271-GRB-SIL

**JOINT PRE-TRIAL ORDER**

      The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

1. **The purported basis for the presence or absence of subject matter jurisdiction;**

This Court has original subject matter jurisdiction over the Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343, original subject matter jurisdiction over the Equal Pay Act (EPA) claims pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343, and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the New York Human Rights Law and New York Labor Law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

2. **The claims and defenses that remain to be tried;**

The following claims remain to be tried:

    Count I:    Retaliation in Violation of the Equal Pay Act, and the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
    Count II:    Retaliation in Violation of N.Y. Lab. Law § 215.
    Count III:    Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.
    Count IV:    Retaliation in Violation of the New York State Human Rights Law, New York Executive Law § 296.
    Count V:    Unpaid Overtime under the N.Y. Labor Law and Supporting Regulations.

Defendant denies all claims and allegations.

3. **Whether the case is to be tried with or without a jury, and the number of trial days needed;**

The case is to be tried with a jury. The parties anticipate the trial will last ten (10) days.

4. **Any stipulations or statement of facts that have been agreed to by all parties;**

The parties stipulate to the following facts:

*See* Exhibit A annexed hereto.

5. **All fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify, except for good cause shown;**

Plaintiff intends to call the following witnesses in her case in chief:

| Witness Name | In Person or Deposition |
|---|---|
| Maria Suarez | In person |
| Marie Micheline Josianne ("Josie") Sajous | In person |

Defendant intends to call the following witnesses in its case in chief:

| Witness Name | In Person or Deposition |
|---|---|
| Roy Kohn (VP of Operations) | In person |
| Kevin Randall (Operations Vice President) | In person |
| Elizabeth Toohig (Former Director of Human Resources) | In person |
| Tonisha Durant (WMI Inventory Control Manager) | In person |
| Melissa Decker Johnson (Inventory Manager) | In person |
| Barry Finkelstein (Warehouse Manager) | In person |
| Dina Wald-Margolis (Former Ass. Dir. HR) | In person |

6. **The deposition testimony to be offered in its case in chief, with any cross designations and objections by any other party;**

Plaintiff intends to offer the following deposition testimony in her case in chief:

| **Deposition** | **Testimony** | **Defendant's Objections** |
|---|---|---|
| Deposition of John Wilkinson, Plaintiff's Manager taken on October 25, 2016 in the case of *Sajous v. Southern Wine & Spirits of New York, Inc.*, 15-cv-3270 (E.D.N.Y.), | Full Transcript | Defendant objects to the use of any deposition except as specifically permitted by FRCP 32. Defendant further objects based on relevancy because the deposition testimony Plaintiff is seeking to introduce is from a previous lawsuit and was not produced in this action. Defendant further objects because the testimony will be subject to Defendant's anticipated limine motion because the probative value outweighs the prejudicial effect. |
| Deposition of Elizabeth Toohig, Plaintiff's Manager taken on October 26, 2016 in the case of *Sajous v. Southern Wine & Spirits of New York, Inc.*, 15-cv-3270 (E.D.N.Y.). | Full Transcript | Defendant objects to the use of any deposition except as specifically permitted by FRCP 32. Defendant further objects based on relevancy because the deposition testimony Plaintiff is seeking to introduce is from a previous lawsuit and was not produced in this action. Defendant further objects because the testimony will be subject to Defendant's anticipated limine motion because the probative value outweighs the prejudicial effect. |
| Deposition of Maria Suarez taken on October 7, 2016 in the case of *Sajous v. Southern Wine & Spirits of New York, Inc.,* 15-cv-3270 (E.D.N.Y.). | Full Transcript | Defendant objects to the use of any deposition except as specifically permitted by FRCP 32. Defendant further objects to the introduction of the entire transcript for relevancy and because the testimony will be subject to Defendant's anticipated limine motion because the probative value outweighs the prejudicial effect. |

Defendant intends to offer the following deposition testimony in its case in chief:

3

| Witness Name | Testimony | Plaintiff's Objection |
|---|---|---|
| Roy Kohn | Full transcript | Plaintiff objects to the use of any deposition except as specifically permitted by FRCP 32. |
| Kevin Randall | Full transcript | |
| Elizabeth Toohig | Full transcript | |
| Tonisha Durant | Full transcript | |
| Melissa Decker Johnson | Full transcript | |
| Barry Finkelstein | Full transcript | |
| Dina Wald Margolis | Full transcript | |

7. **The exhibits to be offered in evidence including, where possible, anticipated impeachment and rebuttal exhibits, and objections thereto. Questions of authenticity, best evidence, chain of custody, and related grounds should be resolved between the parties before trial. Only the exhibits listed will be received in evidence except for good cause shown; and**

Plaintiff intends to offer the following exhibits in her case in chief:

*See* Exhibit B annexed hereto.

Defendant intends to offer the following exhibits in its case in chief:

*See* Exhibit C annexed hereto.

8. **A statement as to whether or not all parties have consented to trial of the case by a magistrate judge. The statement shall not identify which parties have or have not consented.**

The parties do not consent to trial of the case by a magistrate judge.

**SO ORDERED:**

Dated: Brooklyn, New York
           _____, 2023

                                                    _____
                                                    U.S.D.J.