# EXHIBIT A

## STIPULATIONS OF FACT

1. Southern Glazer's Wine and Spirits, LLC is a wholesale distributor of spirits, beer, wine, and related products.

2. Southern Glazer's Wine and Spirits, LLC is headquartered in Miami, Florida, and maintains two primary distribution warehouses in New York: one in Syosset and another upstate in Syracuse.

3. On July 1, 2016, Southern Wine & Spirits of America, Inc. and Glazer's Inc. completed a transaction to form Southern Glazer's Wine and Spirits, LLC.

4. Southern Glazer's Wine and Spirits, LLC is the parent company of Defendant Southern Glazer's Wine and Spirits of New York, LLC (hereinafter "SGWS").

5. SGWS employed Plaintiff Maria Suarez ("Suarez") from December 2004 until April 6, 2018.

6. Suarez began working for SGWS in December 2004 as an administrative assistant in the payroll department.

7. In 2007, Suarez was promoted to Inventory Control Manager in the company's Syosset warehouse.

8. She initially supervised one full time SGWS employee, Josianne Sajous ("Sajous"), an Inventory Control ("IC") Clerk.[1]

9. In January 2008, two additional IC Clerks joined the department, and Suarez hired an IC Clerk in February 2009.

10. Suarez reported to John Wilkinson ("Wilkinson").

---

[1] IC Clerks may also be referred to as "cycle counters."

11. Suarez supervised between three and four full-time IC Clerks while in the position of Inventory Control Manager.

12. Suarez received performance evaluations in 2010-2013.

13. As of May 2, 2013, Maria Suarez supervised four full-time SGWS employees – three women (Tatiana Herdocia, Ina Scott and Josianne Sajous) and one man (Justin Vegh).

14. On May 2, 2013, while reviewing payroll records for her department, Suarez noticed that the three women in her department were classified as "admin" (or "clerical") while the only male in her department was classified as "warehouse."

15. On May 2, 2013, Suarez sent an email to Wilkinson stating: "Hi John, did you know that my team is classified different by payroll?  The three ladies are 'ADMIN' administration And Justin is classified as 'WHSD' warehouse days[.]  I'm sure is [sic] just a mistake, but it looks like they were classified by sex.  Can you please request that to be fixed?  I think the best way to do it is insist on all of them to be moved to a new department (as per our previous conversation and approved by you), I sent an email to Fran, if you can a [sic] rush on it, I appreciate it."

16. Wilkinson forwarded the email to Dina Wald-Margolis of SGWS's Human Resources Department on May 2, 2013.

17. The classification issue resulted in three employees filing lawsuits against SGWS.

18. Plaintiff received a performance appraisal on May 20, 2014.

19. SGWS paid Suarez a salary from 2011 until her employment ended.

20. Suarez' salary was as follows:

    a. 2011: Inventory Control Manager ($61,305)

    b. 2012: Inventory Control Manager ($63,385)

    c. 2013: Inventory Control Manager ($66,555)

    d.   2014: Inventory Control Manager ($68,635)

    e.   2015: Inventory Control Manager ($70,715)

    f.   2016: Inventory Control Manager ($72,130)(until May 8, 2016)

    g.   2016: WMI Administrator ($75,000)(on and after May 9, 2016)

    h.   2017: WMI Administrator ($75,000).

21. Wilkinson and Vice President of Human Resources Elizabeth Toohig ("Toohig") issued Suarez a Performance Expectations Memo in September 2016.

22. John Wilkinson relocated her from her office in the administrative area to the blue room (an office used by warehouse supervisors and managers located on the warehouse floor).

23. On November 4, 2016, the SGWS issued a "Record of Disciplinary Action – Verbal Warning" ("disciplinary notice") to Maria Suarez.

24. On December 1, 2016 SGWS issued a second "Record of Disciplinary Action – Verbal Warning" to Maria Suarez.

25. On December 16, 2016, John Wilkinson met with the Plaintiff and advised her that he was going to put her on a "Performance Improvement Plan."

26. SGWS placed Suarez on a performance improvement plan ("PIP") in January 2017.

27. After the PIP, Suarez had weekly meetings with Wilkinson and either Toohig or Durant.

28. SGWS issued a Final Written Warning to Suarez in December 2017.

29. Suarez's last day of employment with SGWS was April 6, 2018.

## STIPULATIONS WITH REGARD TO COUNTS

### Count I
### FLSA (Equal Pay Act) Retaliation

1. SGWS was an employer and employed the Plaintiff.

3

2. Plaintiff was an employee of SGWS.

## Count II
## NYLL (Equal Pay Act) Retaliation

3. SGWS was an employer and employed the Plaintiff.

4. Plaintiff was an employee of SGWS.

## Count III
## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

5. SGWS was an employer and employed the Plaintiff.

6. Plaintiff was an employee of SGWS.

## Count IV
## Retaliation in Violation of the New York State Human Rights Law

7. SGWS was an employer and employed the Plaintiff.

8. Plaintiff was an employee of SGWS.

## COUNT V
## Overtime under the NYLL

9. The Defendant was an employer and employed the Plaintiff.

10. The Plaintiff was Defendant's employee.